Armando **ROBLES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 54643.

Court of Criminal Appeals of Texas, Panel No. 2.

Jan. 24, 1979.

Rehearing En Banc Denied March 21, 1979.

Ed J. Kidwell and Alan Brown, San Antonio, for appellant.

Ted Butler, Dist. Atty., Donald A. Clowe and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, for the State.

Before ONION, P. J., and DALLY and VOLLERS, JJ.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a burglary of a habitation conviction, where the punishment was assessed at life imprisonment after a verdict finding the appellant guilty and a finding that he had been previously convicted of two felonies as alleged in the indictment.

On appeal appellant contends that there was no voluntary and knowing waiver of the right to counsel, and no findings to that effect, and that he was required to represent himself without being made aware of the dangers and disadvantages of self-representation.

The record reflects that the indictment was returned on March 17, 1976 alleging the primary offense occurred on or about January 12, 1976. Arraignment was on April 9, 1976. On April 29, 1976, at the first setting of the case, the record shows the following colloquy:

"THE COURT: Mr. Robles, as I understand, I think you are having some misunderstanding with your attorney. The State has announced ready in these cases, and we have a Jury available, if you want a trial by a Jury. And, the Court wants to proceed with the cases. I want to get them disposed of.

"Now, you have previously employed Mr. Pena, who is a very good lawyer. The Court has a real high regard for him. But, I understand sometimes Defendants and lawyers do disagree.

"Now, it's going to be necessary for us to go on with the trial. If you don't want Mr. Pena to be your lawyer, I am still going to require that he stay here during the trial so that if, somewhere along the line, you change your mind and you do want him, he can just pick it up there. You have been in jail for a good while. I don't want you to be in jail longer than necessary.

"So, I want to go ahead with the trial.

"Now, if you have another lawyer that is ready to come right in and start the trial right now, you can have a different lawyer; otherwise, you are either going to have to go on with Mr. Pena, or you will have to represent yourself with him standing by.

"* * *

"MR. ROBLES: Well, I don't want him to represent me.

"THE COURT: You don't want Mr. Pena?

"MR. ROBLES: No.

"THE COURT: I am going to require that he stay here in the Courtroom during the trial anyway, but that's not what you are doing. I'm going to make him do that so that if something happens in the middle of the trial and you say, hey, wait a minute. I have changed my mind. I do need a lawyer. He will be here.

"So, Mr. Pena, you can sit at the counsel table or back at the bench or wherever you are going to be most comfortable.

"Now, do you want to plead guilty or not guilty?

"MR. ROBLES: Not guilty.

"THE COURT: You want to plead not guilty. All right. Do you want a trial with a Jury or do you want a trial just before me, without a Jury?

"MR. ROBLES: I want a lawyer. I don't want him.

"THE COURT: Okay. Okay. You don't have him. You don't have him.

But, the thing is, we have got to start right now. And, if you have another lawyer, he can come in right now, but the trial has to begin now. You know we have been putting it off and putting it off. And now this is Thursday and we are about to run out of this week. And, I just don't want you to stay in jail any more.

" * * *

"THE COURT: Okay. Let's get a Jury Panel.

"Now, do you want to get another lawyer of you own choosing?

"MR. ROBLES: Yes, sir. I would like to have another lawyer.

"THE COURT: All right. Do you have somebody that you have hired?

"MR. ROBLES: No, sir.

"THE COURT: Okay. I won't delay the case to get another one. And, Mr. Pena is the lawyer, as far as this Court is concerned. And you can talk to him about any questions that you have, or you don't have to talk to him if you don't want to. But we are going to go ahead with the trial and, from time to time, he will tell you things and I will tell you things, too. But we are going to go on with the trial now. So you can be seated.

" * * *

"MR. PENA: Could I have a statement read into the Record, please?

"THE COURT: Sure.

"MR. PENA: My name is Richard Pena and I am the attorney of record in the State of Texas Versus Armando Robles, in Cause Number 76–CR–568, and that I have, on this day, filed a Motion with the Honorable 175th Judicial District Court to be allowed to withdraw as an attorney of record for the said Armando Robles. That said Motion was denied and that there are three cases pending against said Defendant. That with the habitual counts upon a finding of guilty, will automatically sentence the Defendant to life imprisonment, that after strenuous negotiations with the District Attorney's Office, we have agreed upon a recommendation of thirty years in two cases,

and dismissal of the third. That the Defendant was apprised by his attorney that he believed that the agreement was reasonable and that the Defendant agreed to plead guilty and accept the recommendation of the District Attorney's Office, subject to the Court's approval. That when the stipulations were made, the Defendant refused to sign them and stated that he would not plead guilty, against his attorney's advice. And also stated that he did not want the said Richard Pena to represent him. Again, in open Court, on this date, the 29th day of April, he has reiterated that he would represent himself and that the Court has instructed the said Richard Pena to stand by said Defendant, Armando Robles, if he needed him for any reason.

"Thank you, Your Honor."

Later, the trial court dictated into the record "Now, let the Record reflect that the Defendant, Armando Robles, has previously employed Richard Pena as his attorney, that he does not desire Richard Pena to continue to represent him. Mr. Pena had asked that he be permitted to withdraw. The Court is directing that the Case proceed to trial and that Mr. Pena remain in the Courtroom to assist the Defendant, if he needs assistance, or asks for it, as the trial proceeds."

When the jury panel was brought into the courtroom, the trial judge advised the panel that the appellant had "determined that he wants to defend himself . . ." and that attorney Pena had been appointed to assist if such assistance was needed.

After the State concluded its voir dire examination, attorney Pena interrogated two prospective jurors and was successful in having the court excuse both of them. No other voir dire examination was conducted by him or the appellant. During the presentation of the State's case-in-chief at the guilt stage of the trial there was no cross-examination of any of the State's five witnesses and no objection was offered by the appellant. He called no witnesses in his behalf. Attorney Pena did not participate except to make a 118 word jury argument.

At the penalty stage of the trial, attorney Pena offered objections to State's Exhibit # 4, a pen packet, offered in connection with appellant's alleged prior convictions, which were overruled. There was no cross-examination of the fingerprint expert, the only State's witness at this stage of the trial. Attorney Pena did call the assistant district attorney prosecuting the case as a defense witness and elicited from him, without objection, that one of the prior convictions offered, while a felony at the time of that conviction, was a misdemeanor under the new Penal Code because of the amount of marijuana involved.

Attorney Pena did argue at the penalty stage of the trial, pointing out he could not quarrel with the jury's verdict of guilty, but noting that one of the prior felony convictions would be a misdemeanor under present law and argued, without objection, an inconsistency in dates of another conviction between that alleged and proved although his objection to the same had been earlier overruled by the court and which was without merit.

These are the facts with which we are confronted and with which we must work. The appellant appeared in open court at the first setting of the case a month and twelve days after indictment and informed the court he did not want to be represented further by his retained counsel. The court gave him the choice of (1) continuing with the same counsel, or (2) obtaining another retained counsel ready to go to trial immediately, or (3) representing himself.

With regard to the first choice, appellant expressed his dissatisfaction with his counsel apparently because of a disagreement on plea bargaining. In connection with the second choice, it appears the appellant was in jail and there was no inquiry into appellant's financial ability to acquire other counsel completely aside from new counsel's ability to proceed to trial immediately without preparation. The second choice was not a feasible choice at all. As to the third choice, there is no evidence in the record, at the time appellant was required to represent himself, if he did not resort to the other two choices, the appellant desired to represent himself. This then is not the usual case where the accused affirmatively waives the right to counsel and demands the right of self-representation.

█ It is well settled that the Fourteenth Amendment to the United States Constitution extends to the states as a matter of due process the Sixth Amendment provision that in all criminal prosecutions the accused shall enjoy the right to the assistance of counsel for his defense. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976), and cases there cited. Article I, § 10 of the Texas Constitution also provides for the right to counsel for an accused in a criminal prosecution.

█ This right to counsel may be waived. *Argersinger v. Hamlin,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); *Webb v. State, supra* ; *Ex parte Ross,* 522 S.W.2d 214 (Tex.Cr.App.1975); *Sanchez v. State,* 454 S.W.2d 210 (Tex.Cr.App.1970). For such waiver to be valid, it must be voluntarily and knowingly made. *Parker v. State,* 545 S.W.2d 151, 155 (Tex.Cr.App. 1977); *Ex parte Ross, supra* ; *Webb v. State, supra.* Waiver may be defined as "an intentional relinquishment or abandonment of a known right or privilege." *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). A waiver of the constitutional right to counsel will not be presumed from a silent record. *Carnley v. Cochran,* 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70 (1962); *Ex parte Auten,* 458 S.W.2d 466 (Tex.Cr.App.1970); *Baker v. State,* 519 S.W.2d 648 (Tex.Cr.App.1975); *Bray v. State,* 531 S.W.2d 633 (Tex.Cr.App. 1976). A waiver will not be "lightly inferred" and courts will indulge every reasonable presumption against the waiver of fundamental constitutional rights. *Johnson v. Zerbst, supra.* And a heavy burden rests upon the prosecution to demonstrate an intelligent, voluntary and knowing waiver of constitutional rights, particularly as applied to the right to retained or appointed counsel. *Ex parte Bird,* 457 S.W.2d 559 (Tex.Cr. App.1970).

In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the United States Supreme Court held that a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so. And it has been held in this state that a trial court may not force an accused to accept an attorney if he wishes to waive representation and defend himself. *Webb v. State, supra.*

The following principles, however, were laid down by *Faretta v. California* :

1. The Sixth Amendment vests the right to conduct the defense of a criminal case directly in the accused. He has the choice of self-representation or of assistance of counsel.

2. The right of self-representation is the basic or primary right, and that of assistance of counsel supplements it.

3. "When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel. For this reason, in order to represent himself, the accused must 'knowingly and intelligently' forego those relinquished benefits . . . Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with his eyes open'. . . ." 422 U.S. at 85, 95 S.Ct. at 2541, 45 L.Ed.2d at 581.

In *Webb v. State, supra,* this court stated:

"When an accused makes known his desire to represent himself, the court should take care to ascertain that he fully understands the consequences of waiving his right to representation of counsel and proceeding to represent himself."

 It should be remembered, however, an accused's right to represent himself or select his own counsel cannot be manipu-

lated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice. *Webb v. State, supra* ; *Thompson v. State,* 447 S.W.2d 920 (Tex.Cr.App.1969); *Estrada v. State,* 406 S.W.2d 448 (Tex.Cr.App.1966). An accused, therefore, may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel. *Webb v. State, supra*; *Keys v. State,* 486 S.W.2d 958 (Tex. Cr.App.1972); *Stovall v. State,* 480 S.W.2d 223 (Tex.Cr.App.1972); *Miller v. State,* 479 S.W.2d 670 (Tex.Cr.App.1972); *Brown v. State,* 464 S.W.2d 134 (Tex.Cr.App.1971).

In the instant case, while the appellant on the day of trial stated he did not want his retained counsel, he further stated he wanted a lawyer, another lawyer, but he was told that unless he already had hired someone ready to go to trial there would be no delay in the trial, and that his retained counsel would stand by to assist him if needed, and the trial proceeded with the appellant representing himself. There is nothing to indicate that appellant was trying to manipulate the orderly procedures of court. Thus, we are not confronted with a situation where the court refused the defendant's request to discharge counsel and ordered counsel to continue, nor a situation where appellant asks to waive counsel and urges the right of self-representation. Here retained counsel was allowed to withdraw, but to remain in the courtroom to assist upon request, and the appellant was told to represent himself if he was unable to produce another hired attorney immediately. There is nothing to indicate the appellant's desire to waive the right to counsel and no expressed effort to seek self-representation. There was no attempt to persuade him from attempting to conduct his own defense nor were the hazards of doing so explained.

 A request for other counsel is not a waiver of the right to counsel. *Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Cr.App. 1977). Retained counsel should have been required to remain in the case until there was an affirmative waiver of the right to

counsel and a request for self-representation.

In the instant case there was no voluntary and knowing waiver of the right to counsel and no showing that appellant was made aware of the dangers and disadvantages of self-representation so as to establish that the appellant knew what he was doing and that this required choice was made with his "eyes open." See and cf. *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr. App.1977); *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977).

The judgment is reversed and the cause remanded.