Carl Ray RENFRO, Appellant,

v.

The STATE of Texas, Appellee.

No. 55788.

Court of Criminal Appeals of Texas,
Panel No. 1.

Sept. 19, 1979.

---

Richard A. Dawson, Sugarland, and Donald A. Smyth, Huntsville, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Greg Pipes, R. J. Adcock and Candyce Howell, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ROBERTS and W. C. DAVIS, JJ.

## OPINION

ROBERTS, Judge.

This is an appeal from a conviction for aggravated robbery. The appellant was convicted by a jury which assessed his punishment, enhanced by a prior felony conviction, at 99 years' confinement. See V.T.C.A., Penal Code, 12.42(c).

The appellant contends that he did not voluntarily and knowingly waive his right to counsel and that he was compelled to represent himself without the obligatory warnings and admonishments concerning the dangers and disadvantages of self-representation. See *Barbour v. State*, 551 S.W.2d 371 (Tex.Cr.App.1977); *Trevino v. State*, 555 S.W.2d 750 (Tex.Cr.App.1977). The appellant's contention is well taken; accordingly, we reverse.

Due to the nature of appellant's contention, we deem it unnecessary to set forth with particularity the facts and circumstances surrounding the offense with which he was charged. Suffice it to say, that after hearing the evidence presented by the State, the jury found the appellant guilty of robbing at knifepoint Eunice Roberson, while she was working at a convenience store in Fort Worth.

At a pretrial hearing on October 7, 1976, the appellant informed the court that he was not satisfied with the representation he was receiving from his court-appointed counsel, and that he wished the court to appoint different counsel. The court refused the appellant's request and advised the appellant that his right to employ private counsel was in no wise being infringed upon and that court-appointed counsel would not be relieved until such time as the appellant verified to the court that he had employed private counsel. During several subsequent pretrial hearings, the appellant persisted in his request that the court appoint different counsel and each time the court refused such request. The record reflects the following colloquy between the court and the appellant at a pretrial hearing on November 15, 1976:

THE COURT: ". . . Mr. Williams has been appointed to represent you. If you don't want him representing you, you don't have to have him representing you. You don't have to have anybody representing you. I am going to order that Mr. Williams remain in the courtroom to be able to advise and consult with you if you want his advice and consultation, if you don't want him to represent you. Now, what's your desire with regards to that?"

THE DEFENDANT: "Your Honor, I asked for another attorney and I filed this motion with the courts earlier which the motion was denied for another attorney and I am not satisfied with the present attorney that I have, Mr. Harry Williams, but I have no alternative due to the fact that honorable judge would not appoint me another one and I am forced to defend myself as best I could and without any knowledge of the fine points of law and I have been denied the services of a—Mr. Harry Williams as far as filing motions and any type of writs and all statements or

anything of this matter I have did on my own and without any assistance from my court-appointed attorney, Mr. Harry Williams."

THE COURT: "Well, what I want to know from you at this time, Mr. Renfro, is this: Do you want Mr. Williams representing you as your attorney in front of the jury when you go to trial in your case Wednesday?"

THE DEFENDANT: "No, I do not."

THE COURT: "You do not? You are going to represent yourself; is that right?"

THE DEFENDANT: "Yes."

THE COURT: "All right. Now, I told you just a minute ago that, of course, you are entitled to do that under the law. I will allow you to do that. I am going to require that Mr. Williams stay in attendance on the Court for the purpose of advising you if you seek his advice; otherwise, he won't say a word. You understand?"

THE DEFENDANT: "Well, am I to understand that this a technicality of showing that Mr. Williams is a—representing me?"

THE COURT: "Yes. Mr. Williams is representing you. The Court has appointed him to represent you. Now, you have declined to have him try your case for you, which is a privilege you have."

THE DEFENDANT: "He can try the case, but what I mean is, he is—I would like for him to say anything that he thinks could help in my defense."

THE COURT: "Can't have it both ways, Mr. Renfro. Is he going to represent you or is he not going to represent you?"

THE DEFENDANT: "Well, I don't have any alternative but to—yes, he can represent me."

THE COURT: "Okay. That's the way we'll proceed, then."

THE DEFENDANT: "I don't want him to represent me. I'd rather represent myself."

THE COURT: "I understand."

THE DEFENDANT: "But the court is forcing me to. I would like to represent myself. I don't want Mr. Harry Williams."

THE COURT: "I am going to let you represent yourself if that's what you want to do. Is that what you want to do?"

THE DEFENDANT: "Yes, sir."

THE COURT: "All right."

\* \* \* \* \* \*

THE COURT: ". . . Mr. Williams is going to remain in the courtroom while the case is being tried. Now, unless and until you want him to say a word, he won't. If at any time during the trial you want to seek his advice, he'll be there for that purpose. Do you understand?"

THE DEFENDANT: "Right."

At the appellant's trial on the merits, the record reflects the following:

THE COURT: "Mr. Renfro, for purposes of the record, you informed the Court sometime ago in writing by way of a motion that you felt insecure with Mr. Williams, your appointed counsel, asked the Court to relieve Mr. Williams of the responsibility of representing you in this case and to allow you to represent yourself; is that correct?"

THE DEFENDANT: "Yes, sir."

THE COURT: "Upon a hearing, the Court granted that relief with the exception that the Court insisted that Mr. Williams sit at counsel table and be available to you in the event you wanted to confer with him or needed advice from him; is that correct?"

THE DEFENDANT: "Your Honor, I also asked for another attorney that was—motion that was denied, too, I would like to state at this time."

THE COURT: "Yes, sir, but you are at this time representing yourself because that is your desire as per your motion; is that correct?"

THE DEFENDANT: "Yes, sir."

\* \* \* \* \* \*

THE DEFENDANT: "May the record also reflect that Mr. Williams has been restrained from obtaining any type or giving any type of assistance in defending—helping to defend my case?"

THE COURT: "I don't understand you, Mr. Renfro."

THE DEFENDANT: "In other words, you have restricted Mr. Williams from making any type of oral statements or anything in my behalf."

THE COURT: "The Court has not restricted Mr. Williams in any way. The Court at all times has been willing for Mr. Williams to represent you. You, Mr. Renfro, requested that he not do so. Isn't that correct?"

\* \* \* \* \* \*

THE DEFENDANT: "Well, this, I was referring to when I asked for another attorney, but since the Court does not wish to give me another attorney and proper counseling, I have no alternative but to use whatever means I can to . . ."

THE COURT: "All right."

The appellant represented himself at trial without the assistance of appointed counsel. Of the eight witness presented by the State and 16 State's exhibits introduced into evidence, the appellant asked only eight questions on cross-examination and made three objections to the admission of various items of evidence. Appellant presented no witnesses in his behalf nor did he testify, although he did make a closing argument before the jury.

These are the facts from which we must determine whether the appellant voluntarily and knowingly, with "eyes open," waived his right to be represented by counsel at trial, a right guaranteed to him by the state and federal constitutions. U.S.Const. amend. VI; Tex.Const. Art. 1, Section 10. See also *Barbour v. State,* supra. In the recent case of *Lisney v. State,* 574 S.W.2d 144 (Tex.Cr.App.1978), we had the occasion to state succinctly the applicable rules determinative of the question before us:

"On the issue of waiver of counsel, this court stated in *Jordan v. State,* 571 S.W.2d 883 (Tex.Cr.App.1978):

'However, an accused may waive his right to counsel if such waiver is made voluntarily with knowledge of the consequences thereof. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Barbour v. State,* [supra], *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr.App.1977). To assure protection of so fundamental a right, courts indulge every reasonable presumption against waiver of counsel. *Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938); *Barbour v. State,* supra; *Thomas v. State,* supra. To this extent, this court has held that the record must clearly show that the accused voluntarily, knowingly and intelligently waived his right to counsel in order to assert his right to represent himself. *Thomas v. State,* supra; *Webb v. State,* 533 S.W.2d 780 (Tex.Cr.App.1976). In *Faretta v. California,* supra, the Supreme Court held that the record should reflect that the defendant waived his right to counsel only after being made aware of the advantages and disadvantages of self-representation so that it is clear that he "knows what he is doing and his choice is made with eyes open." 425 U.S. at 835, 95 S.Ct. at 2541.' "

In *Thomas v. State,* 550 S.W.2d 64 (Tex.Cr.App.1977), we noted that the accused's right to select his own counsel cannot be insisted upon or manipulated so as to obstruct the orderly procedure in the courts and thus interfere with the fair administration of justice. Ibid. at 68. We then held, under facts similar to those of the present case, that where the accused is not satisfied with appointed counsel and cannot show adequate cause for the appointment of different counsel, in the absence of a voluntary and intelligent waiver of counsel by the appellant, he should be required by the

court to accept appointed counsel and not be required to represent himself merely on the basis of his dissatisfaction with appointed counsel.

Another closely analogous case is that of *Robles v. State,* 577 S.W.2d 699 (Tex.Cr. App.1979), in which the defendant requested different counsel and the trial court responded by giving the defendant the choice of (1) continuing with the same counsel, or (2) obtaining other retained counsel ready to go to trial immediately, or (3) representing himself. We concluded that the trial court's response to the defendant's request was unreasonable and, in effect, a Hobson's choice, designed to force the defendant to continue with the same counsel or else represent himself, the latter alternative being the one elected by the defendant. After observing that there was nothing in the record to indicate that the defendant attempted to manipulate the orderly procedures of the court we held:

> "A request for other counsel is not a waiver of the right to counsel. *Thomas v. State,* 550 S.W.2d 64, 68 (Tex.Cr.App. 1977). [C]ounsel should have been required to remain in the case until there was an affirmative waiver of the right to counsel and a request for self-representation." 577 S.W.2d 704–705.

Although the appellant, upon the court's inquiry, stated that he wished to represent himself, it is abundantly clear from the record as previously set forth that the appellant's decision to do so was based solely on the court's refusal to appoint different counsel and not because he wished to forego his right of representation. We cannot say, under these facts, that the appellant voluntarily and knowingly waived his right to counsel. *Robles v. State,* supra; *Lisney v. State,* supra; *Thomas v. State,* supra.

Furthermore, not only does the record in the present case fail to demonstrate a voluntary and knowing waiver of the right to counsel, it also fails to show that the appellant's decision to represent himself was intelligently made as required by *Faretta v. California,* supra, and *Jordan*

*v. State,* supra. The court made no inquiry into the appellant's age, educational background, legal experience, knowledge of the rules of evidence and trial procedure nor was the appellant made aware of the dangers and disadvantages of self-representation. In short, the record fails to demonstrate that the appellant's choice to represent himself was made with his "eyes open." See also *Barbour v. State,* supra. We conclude that the trial court erred by not requiring the appellant to accept appointed counsel when it was apparent that the appellant's decision to represent himself was not voluntarily, knowingly and intelligently made.

The appellant also complains that he was deprived of three days' jail credit at the time he was sentenced. We are confident that in the event appellant is tried again for this offense the trial court will enter the appropriate correction, if necessary. See Article 42.03, V.A.C.C.P.

The judgment is reversed and the cause remanded.