In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00047-CV


______________________________




RANDY WAYNE CHAPMAN, Appellant



V.



UTMB, Appellee




 


On Appeal from the 3rd Judicial District Court


 Anderson County, Texas


Trial Court No. 3-40574




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Randy Wayne Chapman, appellant, has filed with this Court a motion to dismiss his pending
appeal (1) in this matter pursuant to Rule 42.1(a) of the Texas Rules of Appellate Procedure. See Tex.
R. App. P. 42.1(a). The motion is signed by the appellant, who is representing himself pro se. 

 We grant Chapman's motion and dismiss the appeal. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 15, 2008 

Date Decided: May 16, 2008


















1. This appeal was transferred to this Court by order of the Texas Supreme Court pursuant to
the docket equalization program.


heading 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00183-CR

                                                ______________________________

 

 

                                      JAMES DAVID TUTT,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 145th
Judicial District Court

                                                       Nacogdoches
County, Texas

                                                         Trial Court
No. F1017524

 

                                                 
                                                 

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                          Opinion by Justice Carter








                                                                   O P I N I O N

 

            James
David Tutt appeals his conviction for one count of possession of a controlled
substance and one count of felony DWI, enhanced by two prior felonies.[1]  Tutt complains his lawyer was ineffective,
the trial court erred in denying his continuance motion, in failing to conduct
a hearing on his lawyers performance, and in allowing Tutt to represent
himself.  We affirm the judgment of the
trial court.

I.          Facts and Trial Procedure

            Sergeant
Robert Mobley, a patrol sergeant with the Nacogdoches Police Department,
observed a vehicle being driven by Tutt fail to dim its high-beam
headlights.  Mobley initiated a traffic
stop.  During the investigation of the
traffic offense, Mobley observed Tutts speech was slurred,[2]
detected the odor of alcohol coming from the inside of the vehicle, and
observed that Tutt had glazed and bloodshot eyes.  The passenger in the vehicle had an open can
of Keystone Light beer.  Tutt informed
Mobley he had consumed one beer.  While
conversing with Tutt, Mobley detected the odor of alcohol on Tutts breath.  Mobley testified Tutts performance on
several field sobriety tests indicated he was intoxicated.  After arresting Tutt, Mobley conducted a
search of Tutts person and discovered, in Tutts front left pants pocket, a
baggie containing a substance eventually determined to be cocaine.  Tutt initially consented to give a breath
sample and provided one breath sample. 
When requested to give a second breath sample,[3] Tutt
refused.  

            On
the day of trial, Tutt filed a motion to dismiss his court-appointed counsel
and requested a continuance to hire an attorney.  Tutt alleged his court-appointed attorney had
failed to properly investigate and had refused to file a motion which Tutt had
requested be filed.  The trial court
refused to grant a continuance and informed Tutt that he could either proceed
with his current court-appointed counsel or represent himself.  The trial court strongly and repeatedly
recommended that Tutt proceed with his court-appointed counsel.  After being admonished by the trial court,
Tutt orally elected to represent himself. 
Tutt also signed a written waiver of his right to counsel, but added the
notation need time for att.  The jury
found Tutt guilty on both counts, and Tutt was sentenced to forty years
imprisonment for the felony DWI count and twenty years imprisonment for the
possession of a controlled substance count. 
On appeal, Tutt raises eight issues.[4]  Finding no merit to these issues, we affirm.

II.        Effective Assistance of
Counsel 

            In
his first issue, Tutt complains his appointed trial counsel failed to render
effective assistance of counsel prior to the commencement of trial.  Specifically, Tutt alleges his appointed
trial counsel 

failed to (a) interview witnesses at the scene, as
well as witnesses prior to the incident who would attest to Defendants
non-drinking status; (b) conduct discovery of the States case; (c) investigate
the breathalyzer, workings and/or malfunctions; (d) examine/investigate
Defendants defense of false positive as caused by energy drinks; (e) failed to
obtain any medical records to determine intoxication and/or alcohol impairment
from the point where the Appellant was taken to emergency for treatment of
physical injuries; and/or (f) failed to meet, discuss and communicate with his
client.

 

            We
evaluate the effectiveness of counsel under the standard enunciated in Strickland
v. Washington, 466 U.S. 668 (1984).  See
Hernandez v. State, 726 S.W.2d 53, 5657 (Tex. Crim. App. 1986).  To prevail on his claim, Tutt must show (1)
his appointed trial counsels performance fell below an objective standard of
reasonableness, and (2) a reasonable probability exists that, but for trial
counsels errors, the result would have been different.  See Strickland, 466 U.S. at 68788.  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.  Mallett
v. State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001).  An appellant has the burden of proving
ineffective assistance of counsel by a preponderance of the evidence.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

            Tutt,
though, has failed to direct this Court to any portion of the record of
evidence that Tutts appointed trial counsel failed to interview witnesses or
otherwise investigate the States allegations.[5]  It is well-settled that any claim of
ineffective assistance must be firmly founded in the record.  Flowers
v. State, 133 S.W.3d 853, 857 (Tex. App.Beaumont 2004, no pet.); see Thompson, 9 S.W.3d at 813.  We will not presume, as requested by Tutt,
that his appointed trial counsels performance was deficient.  The review of defense counsels
representation is highly deferential and presumes that counsels actions
fell within a wide range of reasonable professional assistance.  Mallett,
65 S.W.3d at 63.  We must presume, in the
absence of contrary evidence, that trial counsels performance was not
deficient.

            The failure to seek out and interview potential witnesses may be ineffective assistance of counsel when
the inaction precludes the accused from advancing a viable defense.  See Ex parte Duffy, 607 S.W.2d 507, 517
(Tex. Crim. App. 1980), overruled on other grounds by Hernandez v.
State, 988 S.W.2d 770 (Tex. Crim. App. 1999); State v. Thomas, 768
S.W.2d 335 (Tex. App.Houston [14th Dist.] 1989, no pet.).  Tutt claims

the failure to investigate precluded the following
from coming forward:  (1) Pastor C. L.
King, Bethel Temple Church of God, Martin Luther King Street, Nacogdoches, Texas
and Kenneth Sweat, 1526 Looneyville, Nacogdoches, Texas who would have
testified that he did not observe Appellant drinking on the day Appellant was
arrested, that Appellant had quit drinking and drank energy drinks; (2) in
addition to the two witnesses identified, the following were witnesses who were
made known to Mr. Caldwell, but were not contacted by him:  Stacy Roberts (Sweats Cousin), Rickey Hooker
 friend of the family, and Rodrick Duffy  father to Appellants grandchild;
(4) failure to subpoena from hospital records of treatment that evening  to
determine (a) alcohol content and/or (b) intoxication/impairment; and (3)
proper investigation would have revealed that consumption of energy drinks has
been known to distort breathalyzer results. 


 

            We
note that Kenneth Sweat, named above as a witness precluded from coming
forward, did testify at trial.  Tutt has
failed to direct this Court to where in the record there is evidence the
remaining potential witnesses were available to testify and evidence that their
testimony would have benefitted the defense. 
To obtain relief on an ineffective
assistance of counsel claim based on uncalled witnesses, the applicant must
show that the witnesses were available to testify and that their testimony
would have been of some benefit to the defense.  Ex parte White, 160 S.W.3d 46, 52
(Tex. Crim. App. 2004).  We will not
presume witnesses were available and would have benefitted the defense.  

            Tutt
also claims his appointed trial counsel failed to ensure his clients decisions
were based on correct information as to the applicable law.  One of Tutts complaints about his appointed
trial counsel was that counsel refused to challenge as too remote Tutts prior DWI
convictions, which enhanced the offense to a felony.  When Tutt raised the issue, Tutts appointed
trial counsel, who has a duty of candor to the court, informed the trial court that
the law relied upon by Tutt was repealed by the legislature.[6]  This statement indicates Tutts appointed
trial counsel was aware of Tutts complaints and had obviously communicated
with Tutt.  An attorney cannot be found
deficient because a client refuses to believe his or her legal advice.  The record does not demonstrate Tutts
appointed trial counsel failed to communicate with Tutt.  The first prong of Strickland has not been satisfied. 
In the absence of evidence to the contrary, we must presume counsels
performance fell within the range of reasonable professional assistance.

            In
addition to failing to satisfy the first prong of Strickland, Tutt has made no effort to show this Court that he
suffered any prejudice as a direct result of any of the above-referenced
alleged deficiencies.  Tutt has wholly
failed to satisfy the second prong of Strickland.  The record before us has been inadequately
developed.  For these reasons, we
overrule Tutts first point of error.

III.       The Motion for
Continuance

            Tutt
argues, in his second issue, that the trial court abused its discretion in
denying his motion for continuance to obtain retained counsel.  On the day set for trial, Tutt requested a
continuance orally and in a written, but unsworn, motion to dismiss his
appointed trial counsel.  

            A
motion for continuance must be written and sworn to by a person having
personal knowledge of the facts relied on for the continuance.  Tex.
Code Crim. Proc. Ann. art. 29.08 (Vernon 2006).  The Texas Court of Criminal Appeals has held
that the statutes require a sworn motion to preserve appellate review from a
trial courts denial of a motion for a continuance.  Anderson
v. State, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009).  By failing to file a sworn written motion for
continuance, Tutt forfeited his right to complain about the trial courts
ruling and we have nothing to review.  The
second issue is overruled. 

IV.       Duty to Conduct a
Hearing 

            In
his third and fourth points of error, Tutt contends the trial court erred in
failing to hold a formal evidentiary hearing when Tutt alleged his appointed
trial counsel failed to adequately investigate the States allegations.  Tutt alleged the trial court improperly
presumed trial counsel acted appropriately. 
The State responds that these issues are inadequately briefed.

            We
first note that Tutt never requested a formal evidentiary hearing to inquire
into his appointed trial counsels performance. 
We also note the record does not contain any evidence Tutts appointed
trial counsel failed to investigate the States allegations.  Thus, the issue in this case is whether the
trial court was required to hold a formal evidentiary hearing sua sponte based on the mere allegations of a
dissatisfied client.  Tutt has failed to
provide this Court with any relevant authority that the trial court had a sua
sponte duty to hold a formal evidentiary hearing.  Tutt failed to cite any authority in his appellants
brief to support his argument.  In his
reply brief, Tutt cites the following cases: 
Burgess v. State, 816 S.W.2d
424, 429 (Tex. Crim. App. 1991); Renfro
v. State, 586 S.W.2d 496, 498 (Tex. Crim. App. [Panel Op.] 1979); Robles v. State, 577 S.W.2d 699 (Tex.
Crim. App. [Panel Op.] 1979); Thomas v.
State, 550 S.W.2d 64 (Tex. Crim. App. 1977); Privett v. State, 635 S.W.2d 746 (Tex. App.Houston [1st Dist.]
1982, pet. refd).  None of these cases
hold, as alleged by Tutt, that the trial court is required to hold a formal
evidentiary hearing on the appointed counsels efforts to investigate the
States allegations.[7]  We are not aware of any authority imposing
such a duty on the trial court.[8]

            Tutt
is obligated to provide this Court with appropriate citations to
authority.  See Tex. R. App. P.
38.1(i).  As such, this issue has been
inadequately briefed.  We may overrule
any inadequately briefed point of error. 
Loun v. State, 273 S.W.3d 406,
420 n.24 (Tex. App.Texarkana 2008, no pet.). 
Tutt has failed to establish the trial court erred.  Because Tutt has failed to convince this Court
the trial court had a duty to hold a formal evidentiary hearing sua sponte, we
overrule Tutts third and fourth points of error.

V.        Tutts Election to
Represent Himself Was Effective

            Tutt
claims, in his fifth and sixth issues, that the trial courts limitations on
his choice of representation precluded his waiver of his right to counsel from
being made voluntarily and from being unequivocal.  Because the trial court restricted Tutts options
to being represented by counsel the trial court had previously appointed or
representing himself, Tutt claims his waiver of his right to counsel was made
under duress.  Tutt argues the waiver
must be in writing and unequivocal. 
Because Tutt noted need time for att on his written waiver, Tutt
contends his written waiver was not unequivocal.

            The
Sixth and Fourteenth Amendments to the United States Constitution guarantee
that a person brought to trial in any state or federal court shall be afforded
the right to assistance of counsel.  Faretta v. California, 422 U.S.
806, 807 (1975).  The Sixth and
Fourteenth Amendments to the United States Constitution also guarantee the
right of an accused to conduct his or her own defense.  Id.  Thus, the defendant decides whether to accept assistance of counsel or to conduct his or her own defense, and his choice must
be honored when the benefits of the assistance
of counsel are voluntarily,
knowingly, and intelligently relinquished with an informed awareness of danger
and disadvantages of self-representation. 
Id. at 834; Burton v. State, 634 S.W.2d 692, 694 (Tex.
Crim. App. [Panel Op.] 1982).  The waiver
must be clear and unequivocal.  Faretta,
422 U.S. at 807; Funderburg v. State,
717 S.W.2d 637, 642 (Tex. Crim. App. 1986). 


            The
trial courts refusal to appoint different trial counsel or to grant a
continuance did not render Tutts waiver involuntary.  Tutt had been appointed trial counsel.  A trial court is not obligated to search for
an attorney who meets with the approval of the accused.  Webb v.
State, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976).  The Texas Court of Criminal Appeals has
stated:

A trial court has essentially three options when
confronted with an accused who makes an eleventh hour request for change of
counsel.  First, at its discretion the
court can appoint, or allow the accused to retain, new counsel.  Second, should the trial court deny new
counsel, and the accused unequivocally assert his right to self-representation
under Faretta,
persisting in that assertion after proper admonishment, the court must
allow the accused to represent himself.  Third,
unless the trial court allows new counsel, it must compel an accused who will
not waive counsel and does not assert his right to self-representation to
proceed to trial with the lawyer he has, whether he wants to or not.

 

Burgess v. State, 816 S.W.2d 424, 42829 (Tex. Crim. App.
1991).  Implicit in this ruling is the
conclusion that a trial judges refusal does not necessarily render an invocation
of the right to self-representation involuntary.  

            Tutt
claims the trial court erred in not appointing a different counsel because the
appointed trial counsel had a conflict of interest.  When the State requested the trial court
retain Tutts appointed counsel as legal advisor and standby counsel,[9]
appointed counsel objected, claiming he had been misaligned[10]
and such an action would have placed him in an impossible situation.  The trial court agreed appointed trial
counsel had been misaligned, but stated, I think [appointed trial counsel]
would do a fine job representing [Tutt] if Tutt wished to proceed with
appointed counsels representation.  

            In
order for a defendant to be entitled to new counsel, the defendant must
establish an actual conflict of interest.  Garner
v. State, 864 S.W.2d 92, 9899 (Tex. App.Houston [1st Dist.] 1993, pet.
refd).  A mere possibility of a conflict
of interest is not sufficient.  Id. at 99.  [A]n actual conflict of interest exists if
counsel is required to make a choice between advancing his clients interest in
a fair trial or advancing other interests (perhaps counsels own) to the
detriment of his clients interest.  Acosta
v. State, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007) (quoting Monreal v.
State, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997)).  We do not believe the trial court erred in
its implied conclusion that no actual conflict of interest existed.  See
United States v. Moore, 159 F.3d
1154, 1158 (9th Cir. Cal. 1998) (threat of suing attorney did not create an
actual conflict because threat was not inconsistent with attorneys goal of
rendering effective assistance of counsel); see
also Perry v. State, 464 S.W.2d 660, 664 (Tex. Crim. App. 1971) (filing
civil suit against attorney did not require appointment of different counsel
because a defendant could effectively delay or prevent an appeal (or trial) by
filing a civil suit against his appointed counsel).  The conflict alleged would not have required
appointed trial counsel to choose between advancing Tutts interests or
advancing other interests to the detriment of Tutts interests.  Because the trial court did not err in
determining no actual conflict of interest existed, Tutt was not entitled to
the appointment of new counsel.  

            Because
the trial court had no legal obligation to appoint a different attorney, the
question in this case is whether the trial court erred in permitting Tutt to
represent himself or should have compelled Tutt to proceed to trial with his
appointed trial counsel.  We are aware
that the Texas Court of Criminal Appeals has noted that a request for a
different attorney is not a clear and unequivocal request to waive
counsel.  See Thomas v. State, 550
S.W.2d 64 (Tex. Crim. App. 1977); see
Robles, 577 S.W.2d 699.  

            Tutt
argues the choice presented by the trial court in this case is a Hobsons
Choice.[11]  In Renfro
v. State, the Texas Court of Criminal Appeals held the choice presented by
the trial court was in effect a Hobsons Choiceor in other words, a choice
with the appearance of several options, but really only one option.  586 S.W.2d at 498.  We believe Renfro is distinguishable from the current case because in Renfro, the trial court presumed the
defendant wanted to represent himself.[12]  The following exchange occurred in Renfro:

THE COURT:  Well, what I want to know from you at this
time, Mr. Renfro, is this:  Do you want
Mr. Williams representing you as your attorney in front of the jury when you go
to trial in your case Wednesday?

 

THE DEFENDANT:  No, I do not.

 

THE COURT:  You
do not?  You are going to represent
yourself; is that right?

 

THE DEFENDANT:  Yes.

 

Id.  When Renfro informed the
trial court that he did not want his appointed counsel representing him, the
trial court presumed Renfro wanted to represent himself.  Id.  In this case, the trial court merely
explained the law to Tutt, explained another attorney would not be appointed,
and asked Tutt to choose between being represented by appointed counsel and
self-representation.  The trial court in
this case did not presume Tutt wanted to represent himself and advised against
self-representation.  The choice
presented by the trial court was consistent with Burgess, 816 S.W.2d at 429. 
The trial court merely asked Tutt to choose between the two available
options.  Both options were viable
alternatives, and the choice was not a Hobsons Choice.

            The
record establishes that Tutt knowingly, voluntarily, and intelligently invoked
his right to self-representation.  The
trial court inquired into Tutts age, education, and mental health
background.  Tutt informed the trial
court that he was forty-nine, was seeking an associates degree in business
administration, estimated he had been convicted of criminal acts approximately
twenty-five times, had one jury trial, had worked in a prison law library, and
had got 19 cases reversed while I was down there.  The trial court also informed Tutt he would
be responsible for being aware of any possible defense or mitigation.  Tutt does not complain that the trial courts
admonishments about the risks of self-representation were inadequate.[13]  Tutts complaint is that the trial courts
limitation of his choice of being represented by appointed counsel or
representing himself was tantamount to no choice.  The trial courts refusal to appoint a
different counsel or grant a continuance for Tutt to retain counsel did not
render Tutts election to represent himself involuntary.  The fact that Tutt desired an option to which
he was not legally entitled does not render his election between his available
choices involuntary.  The record supports
a conclusion that Tutt made a voluntary and knowing exercise of the right to
defend himself.  See Burgess, 816 S.W.2d at 428. 


            We
note the Texas Code of Criminal Procedure provides that the waiver of right to
counsel should be made in writing.  See Tex.
Code Crim. Proc. Ann. art. 1.051(g) (Vernon Supp. 2010).  The Texas Court of Criminal Appeals has held
Article 1.051(g) is not mandatory and the constitutional right to counsel can
be waived orally.  Burgess, 816
S.W.2d at 43031.  The trial court
mentioned, on the record, Tutts notation on his written waiver and gave Tutt
another opportunity to proceed with the appointed trial counsel.  Tutt refused. 
Tutt waived his right to counsel orally to the trial court a total of
four times on the record and represented that he understood the risks of
self-representation.  Tutts clear and
unequivocal oral waiver, together with his written waiver of his right to
counsel and invocation of his right to self-representation was effective.  Tutts fifth and sixth issues are overruled.

VI.       Appellate Counsels
Performance Was Not Deficient 

            In
his seventh issue, Tutt argues his appointed appellate counsels performance
was ineffective for not raising the ineffective assistance of his trial counsel
in the motion for new trial.  Tutt
argues, if his appellate counsel had complained about his appointed trial
counsels performance in the motion for new trial, the record could have been
better developed for these issues on appeal.

            Tutt
argues there is no conceivable strategy for not raising ineffective assistance
in the motion for new trial.  We
disagree.  We will not presume Tutts
trial counsel rendered ineffective assistance of counsel and will not also
presume evidence of that ineffective assistance could have been developed
during a motion for new trial hearing. 
Tutts appellate counsel may have concluded the chance of a successful ineffective
assistance of counsel claim, under the facts of this case, was too minimal to
be raised in the motion for new trial. 
If counsels reasons for his conduct do not appear in the record and
there is at least the possibility that the conduct could have been legitimate
trial strategy, we will defer to counsels decisions and deny relief on an ineffective assistance claim on direct
appeal.  Ortiz v. State, 93
S.W.3d 79, 8889 (Tex. Crim. App. 2002). 
We will not presume ineffective assistance of trial counsel to then
conclude appellate counsel rendered ineffective assistance of counsel.  The law requires we presume, unless otherwise
established, counsel rendered effective assistance of counsel.  Tutt has not directed this Court to where in
the record there is evidence to support his allegations.  Tutts seventh issue is overruled.

VII.     Conspiracy


            In his final issue, Tutt alleges the
trial court, his appointed trial counsel, and his appointed appellate counsel
conspired to violate his constitutional rights. 
Tutts brief on appeal does not advance any argument on this issue and
fails to cite any authority.  The record
contains no evidence of a conspiracy. 
Tutts eighth point of error is overruled. 

            For
the reasons stated, we affirm the judgment of the trial court. 

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February
23, 2011

Date Decided:             March
11, 2011

 

Publish

 











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Courts docket equalization program.  We are not aware of any conflict between the
precedent of the Tyler Court and the precedent of this Court on any issue
relevant in this appeal.  See Tex.
R. App. P. 41.3.

 





[2]In
his opening argument, Tutt argued he had a speech impediment.





[3]Sergeant
Elizabeth Bradbury, a sergeant with the Nacogdoches Police Department,
administered the intoxilyzer test. 
Bradbury testified the intoxilyzer requires two samples in order for the
test to be valid.  

 





[4]Tutt
was originally represented by appointed counsel on appeal, but after his motion
for new trial was filed, he obtained retained counsel to brief his appeal.  





[5]Although
Tutt provides this Court with some record citations, the citations provided do
not refer to any evidence in the record.





[6]After
electing to represent himself, Tutt requested the charges be dismissed because
his prior DWI convictions were too remote. 
The trial court correctly ruled that the provisions cited by Tutt have
been repealed by the Texas Legislature.  See Tex.
Penal Code Ann. § 49.09 (Vernon Supp. 2010). 





[7]Tutt
claims these cases each involved, by the lower court, a hearing concerning the
accuseds objection [to] counsel and circumstances concerning same.  None of these cases suggest a hearing was
held and evidence presented on the appointed counsels investigatory
efforts.  

 





[8]We
note that a trial court may have a sua sponte duty to investigate when a client
alleges facts sufficient to create an actual conflict of interest between the
client and his or her attorney.  See Holloway v. Arkansas, 435 U.S. 475
(1978); Lerma v. State, 679 S.W.2d
488, 490 (Tex. Crim. App. [Panel Op.] 1982). 
As discussed below, Tutt failed to allege facts sufficient to create an
actual conflict of interest with his appointed counsel.  We are not aware of any authority requiring a
trial court to hold a hearing on its own motion when a client merely complains
about his or her appointed attorney.





[9]Tutt
does not argue on appeal that he was entitled to standby counsel.  The appointment of standby counsel is discretionary
with the trial court.  See Scarbrough
v. State, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).  





[10]We
note the court reporter may have misspelled maligned as misaligned.  Because the record reflects the attorney and
trial court used the word misaligned, we will use misaligned.





[11]In
his reply brief, Tutt cites Privett v.
State, 635 S.W.2d 746 (Tex. App.Houston [1st Dist.] 1982, pet. refd).  While the facts of Privett are similar to this case, we decline to follow the
reasoning of the First District.  The
Texas Court of Criminal Appeals has yet to endorse the reasoning of Privett despite briefly referencing Privett in Burgess.  See Burgess, 816 S.W.2d at 429.  Tutt has not directed this Court to any cases
in which the Tyler Court of Appeals has adopted the reasoning of Privett. 
Privett is not binding
precedent on this Court or the Tyler Court of Appeals.  

 





[12]Prior
to Renfro, the Texas Court of
Criminal Appeals clarified that a request not to be represented by appointed
counsel was not a request for self-representation.  See
Thomas, 550 S.W.2d 64; see Robles, 577 S.W.2d 699.  As noted below, the defendant in Renfro agreed with the trial courts
presumption of self-representation.





[13]We
note that Tutt alleges in his statement of facts that he was uninformed of the
facts and/or allegations against him and that he was not familiar with the
legal defenses to the charges of DWI and /or [possession of a controlled
substance].  Tutt does not advance any
argument that the admonishments were insufficient.  The trial courts admonishments and inquiries
consist of approximately twenty-five pages of the reporters record.  The Texas Court of Criminal Appeals has held
no formulaic questioning or particular script is necessary.  Johnson
v. State, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988) (plurality op.); Blankenship v. State, 673 S.W.2d 578,
583 (Tex. Crim. App. 1984); see Martin v. State, 630 S.W.2d 952, 954
(Tex. Crim. App. 1982) (There is no requirement to inquire into a defendants
age, education, background, or previous mental history.).