**Opinion issued February 6, 2020**



In The

# Court of Appeals

**For The**

# First District of Texas

_____

## NO. 01-19-00275-CR

_____

## CARRINGTON BATES, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from County Criminal Court No. 4**
**Denton County, Texas[1]**
**Trial Court Case No. CR-2018-07294-D**

---

## MEMORANDUM OPINION

A jury convicted appellant, Carrington Bates, of assault causing bodily

injury,[2] and the trial court assessed punishment at one-year of confinement. In two

---

[1]     The Texas Supreme Court transferred this appeal from the Court of Appeals for the Second District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases between courts of appeals).

[2]     *See* TEX. PENAL CODE § 22.01(a)(1).

issues, appellant contends that the trial court erred in (1) failing to grant defendant's motion for directed verdict and (2) failing to properly admonish appellant regarding the dangers of self-representation at punishment. We affirm.

## BACKGROUND

Appellant was involved in a disturbance at QuikTrip convenience store, and the police were called. After a brief stop, no action was taken by the police and they left the scene. Michael Ward, a vendor delivering goods to the store, was at a convenience store making a delivery with a coworker during the disturbance.

After the police left, appellant re-entered the store. Once inside, he approached the cashier. Appellant claims that he approached the cashier to purchase gasoline, but witnesses testified that he entered the store in an agitated state and began to shout and demand to know who called the police. While testimony shows that it was the cashier who called the police for the disturbance, Ward told appellant that he was the one who called the police. After a few moments, appellant told both Ward and his coworker to follow him outside. Once outside, appellant, who was still agitated, shouting, and cursing, struck Ward once in the face. Ward and his coworker did not respond. Police, who had responded to the original disturbance, returned and arrested appellant.

**SUFFICIENCY OF THE EVIDENCE**

In his first issue, appellant argues that the trial court erred in denying his motion for directed verdict because the State failed to "provide sufficient evidence during its case-in-chief in regard to the effective-consent defense under Section 22.05 [of the Penal Code]".

*Standard of Review*

We treat a complaint that the trial court improperly denied a motion for directed verdict as a challenge to the sufficiency of the evidence. *Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). The standard of review applicable to a motion for directed verdict is the same as used under a sufficiency review. *See id.*; *Pollock v. State*, 405 S.W.3d 396, 401 (Tex. App.—Fort Worth 2013, no pet.).

Because appellant raised the issue of consent as a defense to assaultive conduct,[3] to convict him for assault, the State had to prove the elements of the offense beyond a reasonable doubt and to persuade the jury that appellant did not have the consent of the victim. *See Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). The State's burden of persuasion is not one that requires the production of evidence, rather it requires only that the State prove its case beyond a reasonable doubt. *Id.* If the jury finds the defendant guilty, there is an implicit finding against the defensive theory. *Id.*

---

[3]     *See* TEX. PENAL CODE § 22.06(a).

We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented at trial, we may not re-weigh the evidence and substitute our judgment for that of the fact finder. *King*, 29 S.W.3d at 562.

### *Elements of the Offense*

Penal Code Section 22.01(a)(1) provides that a person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another. TEX. PENAL CODE § 22.01(a)(1). A person acts intentionally with respect to a result of his conduct when it is his conscious objective or desire to engage in the conduct or to cause the result. *Id.* § 6.03(a). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* § 6.03(b). A jury may infer intent or knowledge from a defendant's acts, words, and conduct; from the method of committing the crime; and from the nature of the wounds inflicted on the victim. *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002); *see McGee v. State*, 923 S.W.2d 605, 608 (Tex. App.-Houston [1st Dist.] 1995, no pet.). Bodily injury means physical pain, illness, or other impairments of physical condition. TEX. PENAL CODE § 1.07(a)(8).

***The Effective-Consent Defense***

Penal Code Section 22.06(a)(1) provides that a victim's effective consent—or the actor's reasonable belief that the victim consents—to the actor's conduct is a defense to prosecution of assault if the conduct did not threaten or inflict serious bodily injury. TEX. PENAL CODE § 22.06(a)(1). Consent means to assent in fact, while at the same time consent is not effective if it is induced by force, threat, or fraud. *Id.* § 1.07(a)(11), (19)(a). In the face of a threat, even apparent bravado expressed as verbal consent does not normally communicate a genuine desire to be assaulted. *Allen v. State*, 253 S.W.3d 260, 268 (Tex. Crim. App. 2008). Reasonable belief means that an ordinary and prudent man in the same circumstances would hold that same belief as the actor. TEX. PENAL CODE § 1.07(a)(42). If the issue is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted. *Id.* § 2.03(d).

***Analysis***

To convict appellant for assault in this case, the State must prove beyond a reasonable doubt that all the elements of the offense were proven and persuade the jury that appellant did not have the consent of the victim. *Zuliani*, 97 S.W.3d at 594; *see* TEX. PENAL CODE § 2.03.

We first consider the element of intent. Section 22.01 for assault states that a person commits the offense when they intentionally cause bodily injury to another.

5

*Id.* § 22.01(a)(1). A person is considered to have acted intentionally when it is his conscious objective or desire to engage in the conduct. *Id.* § 6.03(a). The State produced several witnesses who testified that they saw appellant strike Michael Ward, along with Ward's own testimony that appellant struck him in the side of the face. By claiming consent as a defense, appellant admits to intentionally striking appellant, but claims that appellant consented to him doing so. Based on the evidence at trial, a reasonable person could have determined that appellant acted intentionally.

The second element of the offense is causing bodily injury. Bodily injury can mean physical pain, illness, or other impairments of physical condition. *Id.* § 1.07(a)(8). The definition in the statute is purposefully broad and encompasses even relatively minor physical contact, as long as it is more than mere offensive touching, and the relationship between degree of injury compared to the type of violence does not appear to be important in terms of determining whether there is bodily injury. *Lane v. State*, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). Here, Ward testified that, after appellant struck him in the side of the face, his lip puffed up and he had minor pain in his face. When defense counsel asked a witness whether Ward indicated that he was in pain afterwards, the witness stated that Ward reeled back and brought his hand up towards his face. Although Ward did

not suffer serious or permanent injuries, for the purposes of the statute he did sustain bodily injury. Thus, the State has proven all elements of the offense.

The State must next show that the victim did not consent to appellant's conduct. The State does not have the burden of production—an affirmative duty to refute the defense claim—but rather the State satisfies their burden of persuasion by disproving the evidence of the defense. *Saxton v. State*, 804 S.W.2d 910, 913 (Tex. Crim. App. 1991). The State meets their burden of persuasion by proving its case beyond a reasonable doubt. *Id.*

The issue in dispute is whether appellant had a reasonable belief that Ward consented to appellant's assault. Reasonable belief is not a subjective standard, but an objective standard, in which an ordinary and prudent man in the same circumstances would hold that same belief as the actor. TEX. PENAL CODE § 1.07(a)(42). Appellant contends that Ward consented to the assault by following appellant outside, even though he knew that appellant was angry, cursing, and calling Ward names.

During the confrontation inside the store, witnesses testified that appellant was yelling and cursing. Ward and his coworker followed appellant outside when he told them he wanted to show them something in his car. Ward—who told appellant that he was the person who called the police to distract appellant's attention from the cashier—testified that he left the store with appellant because he

wanted to de-escalate the situation and remove appellant from the store. The question is whether a reasonable person in appellant's situation would believe that by coming outside, Ward had consented to being struck by appellant.

Appellant argues that there would be no other reason for Ward to go outside but to fight because anyone with "common sense" would know that to go outside in such a situation would be to engage in a fight or be killed. The State argues that there is a difference between a person who risks being assaulted, and someone who agrees to be assaulted. We agree with the State.

In the face of a threat, even apparent bravado expressed as verbal consent does not normally communicate a genuine desire to be assaulted. *Allen*, 253 S.W.3d at 268 (holding that defendant could not have reasonably believed that complainant consented to being struck when, after complainant was threatened, she told defendant, "well, slap me, then"). Here, Ward did not express any consent to be assaulted, verbal or otherwise. There is no evidence that Ward raised his voice, said anything to indicate he was willing to fight, raised his hands in anticipation of a fight, or changed his stance to prepare for a fight. Ward merely followed appellant outside. Based on the evidence before it, the jury could have reasonably concluded that Ward did not consent to being assaulted and rejected appellant's effective-consent defense.

We overrule Appellant's first issue.

## WARNINGS REGARDING SELF-REPRESENTATION

In the second issue, appellant argues that the trial court erred by failing to properly admonish him on the dangers of self-representation during the punishment phase of the trial.

### *The Right to Self-Representation*

Federal and state law guarantee a criminal defendant the right to the assistance of counsel, as well as the right to waive counsel and represent himself. *See* U.S. CONST. amend. VI & XIV; *see* TEX. CODE CRIM. PROC. ANN. art. 1.05; *Faretta v. California*, 422 U.S. 806, 807, 818–20 (1975); *Hatten v. State*, 71 S.W.3d 332, 333 (Tex. Crim. App. 2002). A defendant should be warned of the dangers and disadvantages accompanying the waiver of the right to counsel and decision to self-represent. *Faretta*, 422 U.S. at 835; *Hatten*, 71 S.W.3d at 333. Such a decision, to be constitutionally effective, must be made competently, voluntarily, knowingly, and intelligently. *Godinez v. Moran*, 509 U.S. 389, 400-01, (1993); *Faretta*, 422 U.S. at 834-36; *Collier v. State*, 959 S.W.2d 621, 625 (Tex. Crim. App. 1997). The decision is made voluntarily if it is uncoerced. *Collier*, 959 S.W.2d at 626. The decision is made knowingly and intelligently if made with a full understanding of the right to counsel, which is being abandoned, as well as the dangers and disadvantages of self-representation. *Id.* We review a trial court's

decision to allow self-representation for an abuse of discretion. *See Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

*Analysis*

Appellant contends that he was not effectively admonished about the dangers of self-representation because (1) the trial court did not inquire into his educational background and (2) appellant was not told that if he chose to represent himself, he could place himself at a disadvantage on appeal.

Appellant cites *Renfro v. State* to support his contention that the court's failure to inquiry into his educational background constitutes an error. 586 S.W.2d 496, 500 (Tex. Crim. App. 1979). In *Renfro*, the court did not simply fail to inquire about the defendant's educational background, it "made no inquiry into the appellant's age, educational background, legal experience, knowledge of the rules of evidence and trial procedure nor was the appellant made aware of the dangers and disadvantages of self-representation." *Id.* at 500.

Here, the court asked about appellant's legal experience, and appellant replied that he had none. But, there is no mandate that the trial court inquire "concerning appellant's age, education, background, or previous mental health history" when "the record may otherwise be sufficient for the Court to make 'an assessment of [a defendant's] knowing exercise of the right to defend himself.'" *Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982) (quoting *Faretta*, 95

10

S. Ct. at 2541) (holding that defendant who had been twice convicted of felony offenses was deemed to have some familiarity with criminal justice system and, after making clear desire to represent himself, intelligently waived right to counsel). Here, the record shows that, like the defendant in *Martin*, appellant had prior convictions, thereby showing that he had some familiarity with the criminal justice system.

Appellant also complaints that he was not adequately informed of the dangers and disadvantages he could face by proceeding without an attorney. Specifically, he contends that he should have been warned about the dangers that he might fact on appeal because of his decision to represent himself at punishment.

When a defendant waives his right to counsel, he should be warned of the dangers and disadvantages accompanying the decision to self-represent. *Faretta*, 422 U.S. at 835. While the Court acknowledges that a defendant should be made aware of the dangers and disadvantages, there is no requirement that a defendant be made aware of every possible danger and disadvantage that may accompany the waiver of counsel. *See id.*

Here, the trial court admonished appellant, stating that he would suffer "dire" consequences without his attorney, and that any self-representation was a "bad idea," especially during the punishment phase of a trial. The court explained that, without his attorney, the enhancements on his sentence would mandate

between a minimum sentencing time of ninety days and the maximum amount of one year. When asked if appellant felt he could do better during the punishment phase than his attorney, appellant acknowledged that he probably could not, but that he was "tired of putting [his] life in other people's hands." Having tried, without success, to apprise appellant of the seriousness and the consequences of his decision and to convince appellant to let counsel proceed, the trial court did not abuse its discretion by permitting appellant to waive counsel at punishment and to represent himself pro se.

We overrule appellant's second issue.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Landau and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).