

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00183-CR

_____

JAMES DAVID TUTT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 145th Judicial District Court
Nacogdoches County, Texas
Trial Court No. F1017524

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Carter

OPINION

James David Tutt appeals his conviction for one count of possession of a controlled substance and one count of felony DWI, enhanced by two prior felonies.[1] Tutt complains his lawyer was ineffective, the trial court erred in denying his continuance motion, in failing to conduct a hearing on his lawyer's performance, and in allowing Tutt to represent himself. We affirm the judgment of the trial court.

## I. Facts and Trial Procedure

Sergeant Robert Mobley, a patrol sergeant with the Nacogdoches Police Department, observed a vehicle being driven by Tutt fail to dim its high-beam headlights. Mobley initiated a traffic stop. During the investigation of the traffic offense, Mobley observed Tutt's speech was slurred,[2] detected the odor of alcohol coming from the inside of the vehicle, and observed that Tutt had glazed and bloodshot eyes. The passenger in the vehicle had an open can of Keystone Light beer. Tutt informed Mobley he had consumed one beer. While conversing with Tutt, Mobley detected the odor of alcohol on Tutt's breath. Mobley testified Tutt's performance on several field sobriety tests indicated he was intoxicated. After arresting Tutt, Mobley conducted a search of Tutt's person and discovered, in Tutt's front left pants pocket, a baggie containing a substance

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]In his opening argument, Tutt argued he had a speech impediment.

eventually determined to be cocaine. Tutt initially consented to give a breath sample and provided one breath sample. When requested to give a second breath sample,[3] Tutt refused.

On the day of trial, Tutt filed a motion to dismiss his court-appointed counsel and requested a continuance to hire an attorney. Tutt alleged his court-appointed attorney had failed to properly investigate and had refused to file a motion which Tutt had requested be filed. The trial court refused to grant a continuance and informed Tutt that he could either proceed with his current court-appointed counsel or represent himself. The trial court strongly and repeatedly recommended that Tutt proceed with his court-appointed counsel. After being admonished by the trial court, Tutt orally elected to represent himself. Tutt also signed a written waiver of his right to counsel, but added the notation "need time for att." The jury found Tutt guilty on both counts, and Tutt was sentenced to forty years' imprisonment for the felony DWI count and twenty years' imprisonment for the possession of a controlled substance count. On appeal, Tutt raises eight issues.[4] Finding no merit to these issues, we affirm.

## II.    Effective Assistance of Counsel

In his first issue, Tutt complains his appointed trial counsel failed to render effective assistance of counsel prior to the commencement of trial. Specifically, Tutt alleges his appointed trial counsel

---

[3]Sergeant Elizabeth Bradbury, a sergeant with the Nacogdoches Police Department, administered the intoxilyzer test. Bradbury testified the intoxilyzer requires two samples in order for the test to be valid.

[4]Tutt was originally represented by appointed counsel on appeal, but after his motion for new trial was filed, he obtained retained counsel to brief his appeal.

failed to (a) interview witnesses at the scene, as well as witnesses prior to the incident who would attest to Defendant's non-drinking status; (b) conduct discovery of the State's case; (c) investigate the breathalyzer, workings and/or malfunctions; (d) examine/investigate Defendant's defense of false positive as caused by energy drinks; (e) failed to obtain any medical records to determine intoxication and/or alcohol impairment from the point where the Appellant was taken to emergency for treatment of physical injuries; and/or (f) failed to meet, discuss and communicate with his client.

We evaluate the effectiveness of counsel under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986). To prevail on his claim, Tutt must show (1) his appointed trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that, but for trial counsel's errors, the result would have been different. *See Strickland*, 466 U.S. at 687–88. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Mallett v. State*, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001). An appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Tutt, though, has failed to direct this Court to any portion of the record of evidence that Tutt's appointed trial counsel failed to interview witnesses or otherwise investigate the State's allegations.[5] "It is well-settled that any claim of ineffective assistance must be firmly founded in the record." *Flowers v. State*, 133 S.W.3d 853, 857 (Tex. App.—Beaumont 2004, no pet.); *see Thompson*, 9 S.W.3d at 813. We will not presume, as requested by Tutt, that his appointed trial

---

[5]Although Tutt provides this Court with some record citations, the citations provided do not refer to any evidence in the record.

4

counsel's performance was deficient. "The review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance." *Mallett*, 65 S.W.3d at 63. We must presume, in the absence of contrary evidence, that trial counsel's performance was not deficient.

The failure to seek out and interview potential witnesses may be ineffective assistance of counsel when the inaction precludes the accused from advancing a viable defense. *See Ex parte Duffy*, 607 S.W.2d 507, 517 (Tex. Crim. App. 1980), *overruled on other grounds by Hernandez v. State*, 988 S.W.2d 770 (Tex. Crim. App. 1999); *State v. Thomas*, 768 S.W.2d 335 (Tex. App.—Houston [14th Dist.] 1989, no pet.). Tutt claims

> the failure to investigate precluded the following from coming forward: (1) Pastor C. L. King, Bethel Temple Church of God, Martin Luther King Street, Nacogdoches, Texas and Kenneth Sweat, 1526 Looneyville, Nacogdoches, Texas who would have testified that he did not observe Appellant drinking on the day Appellant was arrested, that Appellant had quit drinking and drank energy drinks; (2) in addition to the two witnesses identified, the following were witnesses who were made known to Mr. Caldwell, but were not contacted by him: Stacy Roberts (Sweat's Cousin), Rickey Hooker – friend of the family, and Rodrick Duffy – father to Appellant's grandchild; (4) failure to subpoena from hospital records of treatment that evening – to determine (a) alcohol content and/or (b) intoxication/impairment; and (3) proper investigation would have revealed that consumption of energy drinks has been known to distort breathalyzer results.

We note that Kenneth Sweat, named above as a witness precluded "from coming forward," did testify at trial. Tutt has failed to direct this Court to where in the record there is evidence the remaining potential witnesses were available to testify and evidence that their testimony would have benefitted the defense. To obtain relief on an ineffective assistance of counsel claim based

5

on uncalled witnesses, the applicant must show that the witnesses were available to testify and that their testimony would have been of some benefit to the defense. *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004). We will not presume witnesses were available and would have benefitted the defense.

Tutt also claims his appointed trial counsel failed to ensure his client's decisions were based on correct information as to the applicable law. One of Tutt's complaints about his appointed trial counsel was that counsel refused to challenge as too remote Tutt's prior DWI convictions, which enhanced the offense to a felony. When Tutt raised the issue, Tutt's appointed trial counsel, who has a duty of candor to the court, informed the trial court that the law relied upon by Tutt "was repealed by the legislature."[6] This statement indicates Tutt's appointed trial counsel was aware of Tutt's complaints and had obviously communicated with Tutt. An attorney cannot be found deficient because a client refuses to believe his or her legal advice. The record does not demonstrate Tutt's appointed trial counsel failed to communicate with Tutt. The first prong of *Strickland* has not been satisfied. In the absence of evidence to the contrary, we must presume counsel's performance fell within the range of reasonable professional assistance.

In addition to failing to satisfy the first prong of *Strickland*, Tutt has made no effort to show this Court that he suffered any prejudice as a direct result of any of the above-referenced alleged

---

[6]After electing to represent himself, Tutt requested the charges be dismissed because his prior DWI convictions were too remote. The trial court correctly ruled that the provisions cited by Tutt have been repealed by the Texas Legislature. *See* TEX. PENAL CODE ANN. § 49.09 (Vernon Supp. 2010).

6

deficiencies.   Tutt has wholly failed to satisfy the second prong of *Strickland*.   The record before us has been inadequately developed.   For these reasons, we overrule Tutt's first point of error.

## III.    The Motion for Continuance

Tutt argues, in his second issue, that the trial court abused its discretion in denying his motion for continuance to obtain retained counsel.   On the day set for trial, Tutt requested a continuance orally and in a written, but unsworn, "motion to dismiss" his appointed trial counsel.

A motion for continuance must be written and "sworn to by a person having personal knowledge of the facts relied on for the continuance."   TEX. CODE CRIM. PROC. ANN. art. 29.08 (Vernon 2006).   The Texas Court of Criminal Appeals has held that the statutes require a sworn motion to preserve appellate review from a trial court's denial of a motion for a continuance. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009).   By failing to file a sworn written motion for continuance, Tutt forfeited his right to complain about the trial court's ruling and we have nothing to review.   The second issue is overruled.

## IV.    Duty to Conduct a Hearing

In his third and fourth points of error, Tutt contends the trial court erred in failing to hold a formal evidentiary hearing when Tutt alleged his appointed trial counsel failed to adequately investigate the State's allegations.   Tutt alleged the trial court improperly presumed trial counsel acted appropriately.   The State responds that these issues are inadequately briefed.

We first note that Tutt never requested a formal evidentiary hearing to inquire into his appointed trial counsel's performance. We also note the record does not contain any evidence Tutt's appointed trial counsel failed to investigate the State's allegations. Thus, the issue in this case is whether the trial court was required to hold a formal evidentiary hearing sua sponte based on the mere allegations of a dissatisfied client. Tutt has failed to provide this Court with any relevant authority that the trial court had a sua sponte duty to hold a formal evidentiary hearing. Tutt failed to cite any authority in his appellant's brief to support his argument. In his reply brief, Tutt cites the following cases: *Burgess v. State*, 816 S.W.2d 424, 429 (Tex. Crim. App. 1991); *Renfro v. State*, 586 S.W.2d 496, 498 (Tex. Crim. App. [Panel Op.] 1979); *Robles v. State*, 577 S.W.2d 699 (Tex. Crim. App. [Panel Op.] 1979); *Thomas v. State*, 550 S.W.2d 64 (Tex. Crim. App. 1977); *Privett v. State*, 635 S.W.2d 746 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). None of these cases hold, as alleged by Tutt, that the trial court is required to hold a formal evidentiary hearing on the appointed counsel's efforts to investigate the State's allegations.[7] We are not aware of any authority imposing such a duty on the trial court.[8]

---

[7]Tutt claims these cases each "involved, by the lower court, a hearing concerning the accused's objection [to] counsel and circumstances concerning same." None of these cases suggest a hearing was held and evidence presented on the appointed counsel's investigatory efforts.

[8]We note that a trial court may have a sua sponte duty to investigate when a client alleges facts sufficient to create an actual conflict of interest between the client and his or her attorney. *See Holloway v. Arkansas*, 435 U.S. 475 (1978); *Lerma v. State*, 679 S.W.2d 488, 490 (Tex. Crim. App. [Panel Op.] 1982). As discussed below, Tutt failed to allege facts sufficient to create an actual conflict of interest with his appointed counsel. We are not aware of any authority requiring a trial court to hold a hearing on its own motion when a client merely complains about his or her appointed attorney.

8

Tutt is obligated to provide this Court with "appropriate citations to authority." *See* TEX. R. APP. P. 38.1(i). As such, this issue has been inadequately briefed. We may overrule any inadequately briefed point of error. *Loun v. State*, 273 S.W.3d 406, 420 n.24 (Tex. App.—Texarkana 2008, no pet.). Tutt has failed to establish the trial court erred. Because Tutt has failed to convince this Court the trial court had a duty to hold a formal evidentiary hearing sua sponte, we overrule Tutt's third and fourth points of error.

## V.     Tutt's Election to Represent Himself Was Effective

Tutt claims, in his fifth and sixth issues, that the trial court's limitations on his choice of representation precluded his waiver of his right to counsel from being made voluntarily and from being unequivocal. Because the trial court restricted Tutt's options to being represented by counsel the trial court had previously appointed or representing himself, Tutt claims his waiver of his right to counsel was made under "duress." Tutt argues the waiver must be in writing and unequivocal. Because Tutt noted "need time for att" on his written waiver, Tutt contends his written waiver was not unequivocal.

The Sixth and Fourteenth Amendments to the United States Constitution guarantee that a person brought to trial in any state or federal court shall be afforded the right to assistance of counsel. *Faretta v. California*, 422 U.S. 806, 807 (1975). The Sixth and Fourteenth Amendments to the United States Constitution also guarantee the right of an accused to conduct his or her own defense. *Id.* Thus, the defendant decides whether to accept assistance of counsel

9

or to conduct his or her own defense, and "his choice must be honored" when the benefits of the assistance of counsel are voluntarily, knowingly, and intelligently relinquished with an informed awareness of danger and disadvantages of self-representation. *Id.* at 834; *Burton v. State*, 634 S.W.2d 692, 694 (Tex. Crim. App. [Panel Op.] 1982). The waiver must be clear and unequivocal. *Faretta*, 422 U.S. at 807; *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986).

The trial court's refusal to appoint different trial counsel or to grant a continuance did not render Tutt's waiver involuntary. Tutt had been appointed trial counsel. "A trial court is not obligated to search for an attorney who meets with the approval of the accused." *Webb v. State*, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976). The Texas Court of Criminal Appeals has stated:

> A trial court has essentially three options when confronted with an accused who makes an eleventh hour request for change of counsel. First, at its discretion the court can appoint, or allow the accused to retain, new counsel. Second, should the trial court deny new counsel, and the accused unequivocally assert his right to self-representation under *Faretta*, persisting in that assertion after proper admonishment, the court *must* allow the accused to represent himself. Third, unless the trial court allows new counsel, it must compel an accused who will not waive counsel and does not assert his right to self-representation to proceed to trial with the lawyer he has, whether he wants to or not.

*Burgess v. State*, 816 S.W.2d 424, 428–29 (Tex. Crim. App. 1991). Implicit in this ruling is the conclusion that a trial judge's refusal does not necessarily render an invocation of the right to self-representation involuntary.

Tutt claims the trial court erred in not appointing a different counsel because the appointed trial counsel had a conflict of interest. When the State requested the trial court retain Tutt's appointed counsel "as legal advisor and standby counsel,"[9] appointed counsel objected, claiming he had been "misaligned"[10] and such an action would have placed him in an "impossible situation." The trial court agreed appointed trial counsel had been "misaligned," but stated, "I think [appointed trial counsel] would do a fine job representing [Tutt]" if Tutt wished to proceed with appointed counsel's representation.

In order for a defendant to be entitled to new counsel, the defendant must establish an actual conflict of interest. *Garner v. State*, 864 S.W.2d 92, 98–99 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd). A mere possibility of a conflict of interest is not sufficient. *Id*. at 99. "[A]n 'actual conflict of interest' exists if counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest." *Acosta v. State*, 233 S.W.3d 349, 355 (Tex. Crim. App. 2007) (quoting *Monreal v. State*, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997)). We do not believe the trial court erred in its implied conclusion that no actual conflict of interest existed. *See United States v. Moore*, 159 F.3d 1154, 1158 (9th Cir. Cal. 1998) (threat of suing attorney did not create an actual conflict because threat was not inconsistent with attorney's goal of rendering effective

---

[9]Tutt does not argue on appeal that he was entitled to standby counsel. The appointment of standby counsel is discretionary with the trial court. *See Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989).
[10]We note the court reporter may have misspelled "maligned" as "misaligned." Because the record reflects the attorney and trial court used the word "misaligned," we will use "misaligned."

11

assistance of counsel); *see also Perry v. State*, 464 S.W.2d 660, 664 (Tex. Crim. App. 1971) (filing civil suit against attorney did not require appointment of different counsel because "a defendant could effectively delay or prevent an appeal (or trial) by filing a civil suit against his appointed counsel"). The conflict alleged would not have required appointed trial counsel to choose between advancing Tutt's interests or advancing other interests to the detriment of Tutt's interests. Because the trial court did not err in determining no actual conflict of interest existed, Tutt was not entitled to the appointment of new counsel.

Because the trial court had no legal obligation to appoint a different attorney, the question in this case is whether the trial court erred in permitting Tutt to represent himself or should have compelled Tutt to proceed to trial with his appointed trial counsel. We are aware that the Texas Court of Criminal Appeals has noted that a request for a different attorney is not a clear and unequivocal request to waive counsel. *See Thomas v. State*, 550 S.W.2d 64 (Tex. Crim. App. 1977); *see Robles*, 577 S.W.2d 699.

Tutt argues the choice presented by the trial court in this case is a "Hobson's Choice."[11] In *Renfro v. State*, the Texas Court of Criminal Appeals held the choice presented by the trial court was in effect a "Hobson's Choice"—or in other words, a choice with the appearance of several

---

[11]In his reply brief, Tutt cites *Privett v. State*, 635 S.W.2d 746 (Tex. App.—Houston [1st Dist.] 1982, pet. ref'd). While the facts of *Privett* are similar to this case, we decline to follow the reasoning of the First District. The Texas Court of Criminal Appeals has yet to endorse the reasoning of *Privett* despite briefly referencing *Privett* in *Burgess*. *See Burgess*, 816 S.W.2d at 429. Tutt has not directed this Court to any cases in which the Tyler Court of Appeals has adopted the reasoning of *Privett*. *Privett* is not binding precedent on this Court or the Tyler Court of Appeals.

12

options, but really only one option. 586 S.W.2d at 498. We believe *Renfro* is distinguishable

from the current case because in *Renfro*, the trial court presumed the defendant wanted to represent

himself.[12] The following exchange occurred in *Renfro*:

> THE COURT: "Well, what I want to know from you at this time, Mr. Renfro, is this: Do you want Mr. Williams representing you as your attorney in front of the jury when you go to trial in your case Wednesday?"
>
> THE DEFENDANT: "No, I do not."
>
> THE COURT: "You do not? You are going to represent yourself; is that right?"
>
> THE DEFENDANT: "Yes."

*Id.* When Renfro informed the trial court that he did not want his appointed counsel representing

him, the trial court presumed Renfro wanted to represent himself. *Id.* In this case, the trial court

merely explained the law to Tutt, explained another attorney would not be appointed, and asked

Tutt to choose between being represented by appointed counsel and self-representation. The trial

court in this case did not presume Tutt wanted to represent himself and advised against

self-representation. The choice presented by the trial court was consistent with *Burgess*, 816

S.W.2d at 429. The trial court merely asked Tutt to choose between the two available options.

Both options were viable alternatives, and the choice was not a "Hobson's Choice."

The record establishes that Tutt knowingly, voluntarily, and intelligently invoked his right

to self-representation. The trial court inquired into Tutt's age, education, and mental health

---

[12]Prior to *Renfro*, the Texas Court of Criminal Appeals clarified that a request not to be represented by appointed counsel was not a request for self-representation. *See Thomas*, 550 S.W.2d 64; *see Robles*, 577 S.W.2d 699. As noted below, the defendant in *Renfro* agreed with the trial court's presumption of self-representation.

background.  Tutt informed the trial court that he was forty-nine, was seeking an associate's degree in business administration, estimated he had been convicted of criminal acts approximately twenty-five times, had one jury trial, had worked in a prison law library, and had "got 19 cases reversed while I was down there."  The trial court also informed Tutt he would be responsible for being aware of any possible defense or mitigation.  Tutt does not complain that the trial court's admonishments about the risks of self-representation were inadequate.[13]  Tutt's complaint is that the trial court's limitation of his choice of being represented by appointed counsel or representing himself was tantamount to "no choice."  The trial court's refusal to appoint a different counsel or grant a continuance for Tutt to retain counsel did not render Tutt's election to represent himself involuntary.  The fact that Tutt desired an option to which he was not legally entitled does not render his election between his available choices involuntary.  The record supports a conclusion that Tutt made a voluntary and "knowing exercise of the right to defend himself."  *See Burgess*, 816 S.W.2d at 428.

We note the Texas Code of Criminal Procedure provides that the waiver of right to counsel should be made in writing.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (Vernon Supp. 2010). The Texas Court of Criminal Appeals has held Article 1.051(g) is not mandatory and the

---

[13]We note that Tutt alleges in his statement of facts that he was uninformed of "the facts and/or allegations against him" and that "he was not familiar with the legal defenses to the charges of DWI and /or [possession of a controlled substance]."  Tutt does not advance any argument that the admonishments were insufficient.  The trial court's admonishments and inquiries consist of approximately twenty-five pages of the reporter's record.  The Texas Court of Criminal Appeals has held no "formulaic questioning" or particular "script" is necessary.  *Johnson v. State*, 760 S.W.2d 277, 278 (Tex. Crim. App. 1988) (plurality op.); *Blankenship v. State*, 673 S.W.2d 578, 583 (Tex. Crim. App. 1984); *see Martin v. State*, 630 S.W.2d 952, 954 (Tex. Crim. App. 1982) (There is no requirement to inquire into a defendant's age, education, background, or previous mental history.).

constitutional right to counsel can be waived orally. *Burgess*, 816 S.W.2d at 430–31. The trial court mentioned, on the record, Tutt's notation on his written waiver and gave Tutt another opportunity to proceed with the appointed trial counsel. Tutt refused. Tutt waived his right to counsel orally to the trial court a total of four times on the record and represented that he understood the risks of self-representation. Tutt's clear and unequivocal oral waiver, together with his written waiver of his right to counsel and invocation of his right to self-representation was effective. Tutt's fifth and sixth issues are overruled.

## VI.      Appellate Counsel's Performance Was Not Deficient

In his seventh issue, Tutt argues his appointed appellate counsel's performance was ineffective for not raising the ineffective assistance of his trial counsel in the motion for new trial. Tutt argues, if his appellate counsel had complained about his appointed trial counsel's performance in the motion for new trial, the record could have been better developed for these issues on appeal.

Tutt argues there is no conceivable strategy for not raising ineffective assistance in the motion for new trial. We disagree. We will not presume Tutt's trial counsel rendered ineffective assistance of counsel and will not also presume evidence of that ineffective assistance could have been developed during a motion for new trial hearing. Tutt's appellate counsel may have concluded the chance of a successful ineffective assistance of counsel claim, under the facts of this case, was too minimal to be raised in the motion for new trial. "If counsel's reasons for his

15

conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002). We will not presume ineffective assistance of trial counsel to then conclude appellate counsel rendered ineffective assistance of counsel. The law requires we presume, unless otherwise established, counsel rendered effective assistance of counsel. Tutt has not directed this Court to where in the record there is evidence to support his allegations. Tutt's seventh issue is overruled.

## VII. Conspiracy

In his final issue, Tutt alleges the trial court, his appointed trial counsel, and his appointed appellate counsel conspired to violate his constitutional rights. Tutt's brief on appeal does not advance any argument on this issue and fails to cite any authority. The record contains no evidence of a conspiracy. Tutt's eighth point of error is overruled.

For the reasons stated, we affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     February 23, 2011
Date Decided:       March 11, 2011

Publish

16