In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00042-CR

                                                ______________________________

 

 

                                       BRANDI EDWARDS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 20023

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Brandi Edwards was convicted by a
jury of one count of aggravated sexual assault and one count of indecency with
her daughter, A.R.W, who was then five years old.  On the first count (sexual assault), Edwards
was sentenced to sixty years’ imprisonment and ordered to pay a $10,000.00
fine.  On the second count (indecency),
she was sentenced to twenty years’ imprisonment and was likewise ordered to pay
a fine of $10,000.00.  

            On appeal, Edwards argues that the
jury charge erroneously included a manner and means not alleged in the
indictment and complains of admission of testimony by a sexual assault nurse
examiner (SANE) relating some of A.R.W.’s statements made during an
examination.  

            We affirm the trial court’s
judgment.  

I.          Complaint of Jury Charge Error 

 

            The complaint on appeal arises
because the conduct listed in the indictment in the aggravated sexual assault
charge alleged that there was penetration on Edwards’ part “by the finger,”
whereas a reference in the jury charge directed the jury to find that Edwards
was guilty of aggravated sexual assault if it found that she intentionally or
knowingly penetrated the child with her “finger or a stick.”  (As the State concedes, Edwards is correct
that the charge was erroneous “because the charge contains the unindicted
manner and means of ‘a stick’ and allows conviction if the jury believe[d] appellant
penetrated [A.R.W.’s] sexual organ with either her finger or a stick.”).  Although no objection to this charge was
raised by Edwards at trial, Edwards argues on appeal that this charge
“authorized the jury to convict on either of two manners and means without
requiring a unanimous agreement on either of them.”  

            Our review of error in this jury
charge involves a two-step process.  Abdnor v. State, 871 S.W.2d 726, 731 (Tex.
Crim. App. 1994); see also Sakil v. State, 287 S.W.3d 23, 25–26 (Tex. Crim. App.
2009); Barnett v. State, 344 S.W.3d 6,
25 (Tex. App.—Texarkana 2011, pet. ref’d).  Initially, we determine whether error
occurred, and then evaluate whether sufficient harm resulted from the error to
require reversal.  Abdnor, 871 S.W.2d at 731–32. 

            A person commits the offense of
aggravated sexual assault if the person intentionally or knowingly causes the
penetration of the sexual organ of a child by any means.  Tex.
Penal Code Ann. § 22.021(a)(B)(i) (West Supp.
2011).  The indictment in this case
alleged that Edwards “did intentionally or knowingly sexually assault [A.R.W.],
a child younger than 14 years of age and not the spouse of defendant, by
causing the sexual organ of [A.R.W.] to be penetrated by the finger of the
defendant.”  Aggravated sexual assault is
a conduct oriented offense.  Young v. State, 341 S.W.3d 417, 422 &
423 n.20 (Tex. 2011) (citing Huffman v.
State, 267 S.W.3d 902, 906 (Tex. Crim. App. 2008); Vick v. State, 991 S.W.2d 830, 832 (Tex. Crim. App. 1999)
(aggravated sexual assault is a “conduct-oriented offense in which the
legislature criminalized very specific conduct of several different
types.”)).  Thus, “separately described
conduct constitutes a separate statutory offense” and can be separately
prosecuted.  Vick, 991 S.W.2d at 832.  

            Texas law requires that a jury reach
a unanimous verdict about the specific crime that the defendant committed.  Cosio v. State,
No. PD-1435-10, 2011 WL 4436487, at *3 (Tex. Crim. App. Sept. 14, 2011); see Tex.
Const. art. V § 13.  This means that the jury must “agree upon
a single and discrete incident that would constitute the commission of the
offense alleged.”  Id. (quoting Stuhler v. State, 218 S.W.3d 706, 717 (Tex.
Crim. App. 2007)).  We concur with
Edwards and the State that the jury charge was used in error when it used the
phrase “either her finger or a stick,” rather than saying only “with her
finger.”

            We now decide whether the error was
harmful.  Edwards admits in her brief
that she failed to object to the jury charge. 


The
degree of harm necessary for reversal depends upon whether the error was
preserved. Error properly preserved by an objection to the charge will require
reversal “as long as the error is not harmless.”  We have interpreted this to mean any harm, regardless of degree, is
sufficient to require reversal.  However,
when the charging error is not preserved a greater degree of harm is required.  This standard of harm is described as
“egregious harm.”

 

Hutch v. State, 922 S.W.2d 166, 171 (Tex. Crim. App. 1996)
(citations omitted).

            Because Edwards did not preserve her
complaint at trial, our analysis must address whether the charge error was so
egregious and created such harm that it deprived her of a fair and impartial
trial.  Allen v. State, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); Almanza v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1984) (op. on reh’g), superseded on other grounds by rule as stated in Rodriguez v. State,
758 S.W.2d 787 (Tex. Crim. App. 1988); Boones
v. State, 170 S.W.3d 653, 660 (Tex. App.—Texarkana 2005, no pet.).  Egregious harm occurs where an error affects
the very basis of a case, deprives the defendant of a valuable right, vitally
affects a defensive theory, or makes the case for conviction or punishment
clearly and significantly more persuasive. 
Boones, 170 S.W.3d at 660
(citing Saunders v. State, 817 S.W.2d
688, 692 (Tex. Crim. App. 1991)).  When
charge error causes a jury to render a less-than-unanimous verdict on an issue
on which unanimity is required, the charge error is egregiously harmful.  See
Ngo v. State, 175 S.W.3d 738, 750–52
(Tex. Crim. App. 2005); Swearingen v.
State, 270 S.W.3d 804, 812 (Tex. App.—Austin 2008, pet. ref’d).  The egregious harm standard requires a
finding of actual, not merely theoretical, harm to the accused.  Almanza, 686 S.W.2d at 174. 


            Egregious harm is a difficult
standard to meet and must be determined on a case-by-case basis.  Ellison
v. State, 86 S.W.3d 226, 227 (Tex. Crim. App. 2002).  We consider the charge itself, the state of
the evidence (including contested issues and the weight of the probative
evidence), arguments of counsel, and the record as a whole in addressing
harm.  Hutch, 922 S.W.2d at 171.  

            In the court’s charge, the jury was
asked whether it found Edwards guilty “as charged in the indictment” (an
indictment which made no reference to a stick). 
The evidence included a videotaped interview of the child with Michelle
Griffith, to which no objection was lodged. 
This recorded interview contained the child’s gestures and statements
from which the jury could have found that Edwards penetrated A.R.W.’s sexual
organ with her finger.  Specifically,
A.R.W. repeatedly stated that Edwards would do “nasty stuff” with her.  When asked to describe the acts to which she made
reference, A.R.W. gestured in a manner indicating penetration of her female
sexual organ by a finger.  She orally
clarified that “Momma did it till it tickled.” 
Surprisingly, A.R.W. continuously asked Griffith if she could
“participate in a sexual manner with her.” 
A.R.W.’s assistant principal, Mary Lou Fox, also testified that A.R.W.
stated she had sexual contact with Edwards. 
When asked to describe what sex was, Fox testified that A.R.W. “pointed
more to her front -- her front area” and went on to say, “You do it real hard
and it makes it tickle.”  There was no
evidence offered of Edwards employing a stick in commission of the offense, and
during closing argument, the State made no mention of penetration by a
stick.  Instead, the State argued
correctly that “we undertook to prove that Brandi Edwards and no one else
committed . . . aggravated sexual assault by penetrating the child’s
sexual organ with her fingers.” 

            The state of the evidence, arguments
of counsel, and the record as a whole do not suggest that Edwards suffered
egregious harm from the inclusion of the objectionable phrase in the jury
charge.  Moreover, we have previously
held that where, as here, there is no evidence of a lack of unanimity by the
jury, harm resulting from an erroneous charge is not egregious.  Johnson
v. State, No. 06-10-00089-CR, 2011 WL 240875 at *4 (Tex. App.—Texarkana
Jan. 26, 2011, pet. ref’d) (mem. op., not designated
for publication).[1]  Because nothing in the record indicated that
the jury did not unanimously find that Edwards penetrated A.R.W.’s sexual organ
with her finger, Edwards does not demonstrate actual (as opposed to
theoretical) egregious harm. 

            We overrule Edwards’ first point of
error. 

II.        Complaint
of Admission of SANE Testimony 

            Edwards complains that SANE Jerri Larson was
allowed to testify to statements made by A.R.W. during her medical examination
over a timely hearsay objection and an explanation by the State that the
following statements were made for purposes of medical diagnoses, excepting
them from the hearsay rule:

[A.R.W.’s]
history, she – [A.R.W.] stated, “Momma did nasty stuff.  She had sex with me.  She took off all her clothes.  My clothes were off.”  She said, “Oh, baby, [A.R.W.] I like and love
you,” and, “[A.R.W.], do sex with me. 
Momma touched my [female sexual organ] with her fingers, like this.”  And then [A.R.W.] was touching her vaginal
area with her hands going in and out of her vaginal area.

 

            The entire argument portion of
Edwards’ brief relating to this complaint states: 

            Trial Counsel was correct.  These are not statements for medical treatment
or diagnosis.  They are merely forensic
evidence gatherings for trial and to allow use of the statements in a case such
as this enables the statements of Complainant’s to be admitted for all purposes
and there is no effective way to cross-examine the statements.  

            Appellant has found no case from the
Sixth Court of Appeals,[2] but must disclose cases
contrary to her position. 

 

Edwards
was obligated to provide this Court with “appropriate citations to authorities.”
 Tex.
R. App. P. 38.1(i); Tutt v. State, 339 S.W.3d 166, 172 (Tex. App.—Texarkana 2011, pet. dism’d, untimely filed). 
She did not cite any caselaw to support her
position; rather, Edwards cited only law which was contrary to her
position.  We find this issue has been
inadequately briefed.  “We may overrule
any inadequately briefed point of error.” 
Tutt,
339 S.W.3d at 172–73 (citing Loun v. State, 273
S.W.3d 406, 420 n.24 (Tex. App.—Texarkana 2008, no pet.)).  

            Edwards’ final point of error is
overruled.  

III.       Conclusion


                        

            We
affirm the trial court’s judgment.

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date
Submitted:          November 1, 2011

Date
Decided:             November 18, 2011

 

Do Not
Publish           











[1]Although
the unpublished cases have no precedential value, we may take guidance from them
“as an aid in developing reasoning that may be employed.”  Carrillo
v. State, 98 S.W.3d 789, 794 (Tex. App.––Amarillo 2003, pet. ref’d).





[2]See Prater
v. State, No. 06-07-00187-CR, 2008 WL 4191287 at * 1–2 (Tex.
App.––Texarkana Sept. 15, 2008, pet. ref’d) (mem.
op., not designated for publication) (admission of statements made to nurse by
child complainant over hearsay objections not abuse of discretion since Rule
803(4) hearsay exception applied); Darling
v. State, 262 S.W.3d 920, 924 (Tex. App.—Texarkana 2008, pet. ref’d) (same).