

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-23-00240-CR

WANDA KAYE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 53999-B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

Wanda Kaye Williams pled guilty to family violence assault with a prior conviction for family violence assault, a third-degree felony. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A) (Supp.). Pursuant to the terms of her plea-bargain agreement, Williams was placed on deferred adjudication community supervision for five years. The State alleged that Williams failed to report to her community supervision officer and provided false information to a peace offer. As a result, the State filed a motion to adjudicate Williams's guilt. After Williams pled true to the State's allegations, the trial court revoked her community supervision, adjudicated her guilt, and sentenced her to seven years' imprisonment.

On appeal, Williams argues that the trial court erred by denying her request for a continuance. We find this issue unpreserved. Williams also argues that her counsel rendered ineffective assistance because he failed to file a sworn motion for continuance, which was required to preserve her first appellate issue. Because the record is silent and does not support Williams's claim of ineffective assistance, we overrule it. As a result, we affirm the trial court's judgment.

## I.     Williams Did Not Preserve Her Complaint About the Denial of a Continuance

In her first point of error, Williams argues that the trial court erred by denying her request for a continuance. We find this issue unpreserved.

### A.     Factual Background

The appellate record shows that the trial court appointed Jeff Hale to represent Williams when she was originally placed on deferred adjudication community supervision. During

revocation, the trial court appointed Michael Lewis to represent Williams. At the adjudication hearing, Lewis announced that he was ready to proceed on Williams's behalf. Even so, Williams said she wanted Hale to represent her "because he [was] the one that got [her] the probation."

When the trial court explained that it had appointed Lewis and not Hale for the adjudication, Williams asked, "Sir, is there any way I can get another attorney?" The trial court declined to appoint new counsel for Williams and, after Lewis said, "Judge, I can go forward," the adjudication proceedings continued.

## B. Analysis

When a criminal defendant seeks a continuance, Article 29.03 of the Texas Code of Criminal Procedure requires a "written motion" providing "sufficient cause" that must "be fully set forth in the motion." TEX. CODE CRIM. PROC. ANN. art. 29.03. Also, "[a]ll motions for continuance must be sworn to by a person having personal knowledge of the facts relied on for the continuance." TEX. CODE CRIM. PROC. ANN. art. 29.08. The Texas Court of Criminal Appeals has interpreted these statutes to mean that, "if a party makes an unsworn oral motion for a continuance and the trial judge denies it, the party forfeits the right to complain about the judge's ruling on appeal." *Blackshear v. State*, 385 S.W.3d 589, 591 (Tex. Crim. App. 2012) (quoting *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009)). In other words, "an unsworn oral motion [for continuance] preserves nothing for appeal." *Id.*; *see Anderson v. State*, 301 S.W.3d 276, 278–79 (Tex. Crim. App. 2009).

The appellate record shows that Williams asked for another court-appointed counsel at the beginning of the adjudication hearing. To the extent her comments can be interpreted as

3

requesting a continuance to accomplish that goal, we find that Williams's oral motion preserved nothing for our review. *See Blackshear*, 385 S.W.3d at 591. As a result, we should not "address the merits of that issue." *Id.* (quoting *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009)). We overrule Williams's first point of error.

## II. The Silent Record Does Not Support the Ineffective Assistance of Counsel Claim

Williams argues in her second point of error that her counsel rendered ineffective assistance by failing to file a sworn motion for continuance.

### A. Standard of Review

"As many cases have noted, the right to counsel does not mean the right to errorless counsel." *Lampkin v. State*, 470 S.W.3d 876, 896 (Tex. App.—Texarkana 2015, pet. ref'd) (citing *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). "In order to prevail on a claim of ineffective assistance of counsel, the defendant must satisfy the two-pronged test set forth in *Strickland* . . . ." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding)). The first prong requires a showing "that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "The second *Strickland* prong, sometimes referred to as 'the prejudice prong,' requires a showing that, but for counsel's unprofessional error, there is a reasonable probability that the result of the proceeding would have been different." *Lampkin*, 470 S.W.3d at 897 (citing *Strickland*, 466 U.S. at 694). "A failure to make a showing under either prong defeats a claim for ineffective assistance." *Id.* (citing *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003)).

4

The requirement of the first *Strickland* prong can be difficult to meet since there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As a result, the Texas Court of Criminal Appeals has said that "[t]rial counsel 'should ordinarily be afforded an opportunity to explain his actions before being'" found ineffective. *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

When an appellate record is silent on why trial counsel failed to take certain actions, the appellant has "failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). This is because allegations of ineffectiveness "must be firmly founded in the record." *Bone v. State*, 77 S.W.3d 828, 833 n.13 (Tex. Crim. App. 2002) (quoting *Thompson*, 9 S.W.3d at 813). When a party raises an ineffective assistance of counsel claim for the first time on direct appeal, "the defendant must show that 'under prevailing professional norms,' *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052, no competent attorney would do what trial counsel did or no competent attorney would fail to do what trial counsel failed to do, *Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005)." *Auld v. State*, 652 S.W.3d 95, 112 (Tex. App.—Texarkana 2022, no pet.).

### B.      Analysis

Here, the record is silent on why Lewis did not file a sworn, written motion for continuance. Even so, we can fathom valid reasons for not doing so.

5

The trial court had already appointed Lewis as Williams's court-appointed attorney for the adjudication proceedings. Once that was done, "the trial court had no legal obligation to appoint a different attorney." *Tutt v. State*, 339 S.W.3d 166, 174 (Tex. App.—Texarkana 2011, pet. ref'd). Lewis could have decided against filing a continuance since Williams was not entitled to the appointed counsel of her choosing. *See id.* at 173 ("A trial court is not obligated to search for an attorney who meets with the approval of the accused." (quoting *Webb v. State*, 533 S.W.2d 780, 784 n.3 (Tex. Crim. App. 1976))). Also, Lewis could have chosen not to file a motion for continuance because he was ready to proceed after discussing the case with Williams, who had already affixed her signature to plea paperwork showing her desire to plead true to the State's allegations.

On this silent record, we find that Williams has not rebutted the presumption that it was reasonable for Lewis to forego a sworn, written motion for continuance. As a result, we conclude that Williams cannot meet the first *Strickland* prong, and we overrule her last point of error.

## III.   Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     April 24, 2024
Date Decided:       April 25, 2024

Do Not Publish

6