

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00016-CR
_____

BRIAN ALLEN DALRYMPLE, Appellant

V.

THE STATE OF TEXAS, Appellee

_____

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2022F00102

_____

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

A Cass County jury convicted Brian Allen Dalrymple of driving while intoxicated (DWI), third or more, a third-degree felony. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.09(b) (Supp.). During a punishment trial to the bench, Dalrymple pled true to the State's punishment enhancement allegations, and the trial court sentenced him to forty years' imprisonment. On appeal, Dalrymple challenges the legal sufficiency of the evidence supporting the jury's verdict of guilt and argues that his counsel rendered ineffective assistance. Because we find that the jury's verdict was supported by legally sufficient evidence and that Dalrymple has failed to show that his counsel was ineffective, we affirm the trial court's judgment.

I. **Legally Sufficient Evidence Supported the Jury's Finding of Guilt**

A. **The Evidence at Trial**

Matthew Wayne Hill, a game warden with the Texas Parks and Wildlife Department, testified that he was patrolling Highway 155 around midnight near Pruitt Lake, a public lake with a boat ramp open to the public, when he saw a boat in the water with no one in it. Hill noticed that there were keys in the ignition, a cell phone, shoes, and an open, cold beer in the boat and became concerned that the operator of the boat had drowned. Hill ran the boat's registration, which came back to Dalrymple, a friend Hill had known since the fourth grade. After making a call to Dalrymple's brother, whom Hill also knew well, Hill testified that "[Dalrymple] was able to come get the boat."

As Hill waited, he saw Dalrymple's blue Chevrolet pickup truck and a white sports-utility vehicle (SUV) pull into the boat ramp parking lot. Hill testified that he saw Dalrymple "come

2

from around the driver's side door and walk from the driver's side vehicle." Hill noticed that Dalrymple had slurred speech, a stagger while walking, and an odor of alcohol coming from his person. Misty Hoff exited the white SUV.

Hill testified, and his body-camera footage shows, that Hill asked Dalrymple if he had been drinking. In response, Dalrymple said, "I had a couple. That's why I have a driver," and he pointed to Hoff. On the recording, Hill shined his flashlight into Dalrymple's vehicle, showing that there was no one else in the truck. When Hill noted that Dalrymple had just driven to the location and that Hoff had exited the white SUV, Hill asked Dalrymple to take a portable breathalyzer test, but he refused. He also initially refused Hill's requests to take field sobriety tests, which prompted Hill to arrest Dalrymple for DWI.

After the arrest, Dalrymple agreed to a blood draw, and he was transported to a local hospital where Carolyn Fairless, a medical laboratory technologist, collected a specimen of Dalrymple's blood. Taylor Schwartz, a forensic scientist with the Texas Department of Public Safety, testified that he received and analyzed Dalrymple's blood sample and that his analysis showed he had a blood alcohol concentration of "0.291 grams of alcohol per 100 milliliters of blood," which was well beyond the legal limit. Schwartz also testified that a person with that high of a blood alcohol concentration would not have normal use of their mental or physical faculties.

After hearing this evidence, the jury rendered a verdict of guilt.

**B.      Standard of Review**

"In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Williamson v. State*, 589 S.W.3d 292, 297 (Tex. App.—Texarkana 2019, pet. ref'd) (citing *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (plurality op.); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd)). "Our rigorous [legal sufficiency] review focuses on the quality of the evidence presented." *Id.* (citing *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring)). "We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury 'to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Id.* (quoting *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19)); *see Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

"Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge." *Id.* at 298 (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). "The 'hypothetically correct' jury charge is 'one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.'" *Id.* (quoting *Malik*, 953 S.W.2d at 240).

4

Here, the State alleged that Dalrymple "operate[d] a motor vehicle in a public place while [he] was intoxicated" and that he had two prior convictions for DWI.

## C. Analysis

The Texas Penal Code provides that a person commits the offense of DWI when "the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a). The offense becomes a third-degree felony if the person has previously been convicted "two times of any other offense relating to the operating of a motor vehicle while intoxicated." TEX. PENAL CODE ANN. § 49.09(b)(2).

Dalrymple does not challenge the allegation involving his prior convictions for DWI.[1] He also does not challenge the fact that he was intoxicated on the day of the incident.[2] Instead, he argues that the evidence was insufficient to show that he operated the vehicle in a public place.

"The Code does not define the term 'operating.'" *Kirsch*, 357 S.W.3d at 650 (Tex. Crim. App. 2012) (citing TEX. PENAL CODE ANN. § 49.04). "'[O]perate' is a common term that has not acquired a technical meaning and may be interpreted according to its common usage." *Id.*

Here, Hill's testimony established that Dalrymple drove his truck and parked it in a public parking lot. The recording showed that no one else was in the truck. Dalrymple admitted he had been drinking alcohol, and according to Hill, Dalrymple had slurred speech and a staggered walk. Dalrymple agreed to a blood draw, which showed that his blood alcohol

---

[1]At trial, Dalrymple stipulated to the jurisdictional prior offenses.

[2]"Under the Texas DWI statute, intoxication may be proven in either of two ways: (1) loss of normal use of mental or physical faculties or (2) alcohol concentration in the blood, breath, or urine of 0.08 or more." *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. Crim. App. 2010).

concentration was 0.291. When viewing this evidence in the light most favorable to the verdict, we find the evidence legally sufficient for the jury to have concluded that, while intoxicated, Dalrymple operated his motor vehicle when he drove it to a public place and parked it. As a result, we overrule Dalrymple's first point of error.

## II. Dalrymple Fails to Show that his Counsel Rendered Ineffective Assistance

In his second point of error, Dalrymple argues that his counsel was ineffective because he "fail[ed] to present a defense case in the guilt phase of the case." Dalrymple notes that his counsel failed to call any witnesses or present any evidence.

### A. Standard of Review

The Sixth Amendment to the United States Constitution guarantees an accused the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. CONST. amend. VI; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). We "look to the totality of the representation" in evaluating the effectiveness of counsel. *Auld v. State*, 652 S.W.3d 95, 113 (Tex. App.—Texarkana 2022, no pet.). As many cases have noted, the right to counsel does not mean the right to errorless counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[T]o prevail on a claim of ineffective assistance of counsel, [the appellant] must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, [687–88] . . . (1984)." *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009) (orig. proceeding). A failure to make a showing under either prong of the *Strickland* test defeats a claim for ineffective assistance. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

To prove ineffective assistance of his counsel, Dalrymple must show (1) that trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and (2) that there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *See Strickland v. Washington*, 466 U.S. 468, 687–95 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–57 (Tex. Crim. App. 1986). A "reasonable probability" means a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

**B.      Analysis**

Under the first *Strickland* prong, "[Dalrymple] must prove, by a preponderance of the evidence, that there is . . . no plausible professional reason for a specific act or omission." *Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). Accordingly, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. This is because we apply a strong presumption that trial counsel was competent and presume that counsel's actions and decisions were reasonably professional and motivated by sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Also, when an appellate record is silent on why trial counsel failed to take certain actions, "the appellant has failed to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007); *see Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999).

Our appellate record is silent as to why counsel failed to call any witnesses or present any evidence. As a result, we presume that counsel had a reasonable trial strategy for doing so. "To

7

obtain relief on an ineffective assistance of counsel claim based on uncalled witnesses, the applicant must show that the witnesses were available to testify and that their testimony would have been of some benefit to the defense." *Tutt v. State*, 339 S.W.3d 166, 171 (Tex. App.—Texarkana 2011, pet. ref'd) (citing *Ex parte White*, 160 S.W.3d 46, 52 (Tex. Crim. App. 2004) (orig. proceeding)). Here, we may presume that there were no witnesses or evidence that favored Dalrymple, and the silent record cannot rebut this presumption. *See id.* ("We will not presume witnesses were available and would have benefitted the defense."); *Coble v. State*, 501 S.W.2d 344, 346 (Tex. Crim. App. 1973). Accordingly, we find that Dalrymple is not able to meet the first *Strickland* prong.

Moreover, without any indication of what witnesses were available or what evidence could be presented to assist Dalrymple with any defense, he cannot show that there was a reasonable probability of a different result during his trial on guilt/innocence. Therefore, Dalrymple is also unable to meet the second *Strickland* prong.

We conclude Dalrymple cannot show that his counsel rendered ineffective assistance under either *Strickland* prong. As a result, we overrule his second point of error.

## III. Conclusion

We affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted: September 16, 2024
Date Decided: October 7, 2024

Do Not Publish

8